Smith *vs.* Bell.

---

## SMITH *vs.* BELL.

"McIntosh, 3d February, 1855.

"Mr. Tenderson Smith, Esq.—Sir: If Henry Weaver should purchase any of the negroes of Langford's estate, I expect to stand his security if he desires it, and will be taken; and I shall not be present on your sale day, but will attend to it at any time.

Yours, respectfully,       (Signed)

"Sampson Bell."

Weaver having bought property upon the credit of this letter at Langford's sale, and Bell, when called upon, refusing to become his security: *Held,* That the letter was actionable.

Assumpsit, in Webster Superior Court. Tried before Judge Perkins, at March Term, 1860.

This was an action of assumpsit brought by Tenderson Smith, as executor of James Langford, deceased, against Sampson Bell, on the following written instrument or letter, viz:

"McIntosh, February 3d, 1855.

" *Mr. Tenderson Smith, Esq.—Sir :*

"If Henry Weaver should purchase any of the negroes of Langford's estate, I expect to stand his security, if he desires it, and will be taken; and I shall not be present on your sale day, but will attend to it at any time.

"Yours respectfully,

"Sampson Bell."

The declaration alleged that the negroes of the estate of Langford were sold by the plaintiff, as executor, on the 3d day of February, 1855, and that a negro woman named Jane, and her child, was put up to the highest bidder, and bought by the said Henry Weaver at and for the price of thirteen hundred dollars; that plaintiff delivered said negroes to Weaver; that the terms of said sale were a credit till 25th December, 1855, with notes and two approved sureties; that Weaver gave his note for the purchase-money with Henry Spear as one of said sureties; that plaintiff afterwards called on Bell to sign said note as surety, which he refused to do, whereby plaintiff is damaged, etc.

To the declaration defendant demurred on the ground, that the facts therein stated and set forth constituted no cause of action.

After argument, the Court sustained the demurrer and dismissed the action, and counsel for plaintiff excepted.

Blandford & Crawford, and E. W. Miller, for plaintiff in error.

McCay & Hawkins, *contra.*

*By the Court.*—Lumpkin, J., delivering the opinion.

We think the letter written by Bell actionable. The case of *Laurason vs. Mason*, 3 *Cranch*, 492, 496, was more indefinite than this. Yet the Supreme Court of the United States held the writer of the intrument bound. And we concur in the opinion of Chief Justice Marshall, who said in that case: "This letter was intended to give credit to the person to whom it was addressed, and the writer is

bound by every principle of rectitude and good faith, to fulfill the expectation thus raised, and which induced the plaintiff to part with his property."