## GILL *vs.* TISON *et al.*

1. Where it appears on the face of the declaration that suit was brought against certain agents, although their principals were known, a demurrer was properly sustained.
2. An amendment will not be allowed striking out the agents and substituting their principals.

Principal and agent. Amendment. Parties. Practice in the Superior Court. Before Judge CRISP. Lee Superior Court. March Term, 1878.

Reported in the decision.

HAWKINS & HAWKINS ; SIMMONS & SIMMONS, for plaintiff in error.

M. H. BALDY ; MARSHALL J. CLARKE, for defendants, cited on principal question, Code, §§3480, 3487, 3257 ; 39 *Ga.*, 35. Action against principals barred, amendment improper, 56 *Ga.*, 119, 124 ; 49 *Ib.* 106 ; Code, §§1979, 1980 ; 45 *Ga.*, 74.

WARNER, Chief Justice.

The plaintiff brought suit against the defendants "as

agents of, and committee appointed by, the properly constituted authorities of the Masonic Hall and Leesburg Academy," to recover an amount of money alleged to be due him for removing a certain described brick building from Starksville and rebuilding the same at Leesburg, the lower part of said building being occupied as an academy, and the upper part occupied by the Masonic fraternity, known as Eureka Lodge. The defendants demurred to the plaintiff's declaration, upon the ground that the Eureka Lodge having been incorporated under the laws of this state, was not sued in plaintiff's action, and that the persons named in the declaration were sued as agents, when the owners of the property should have been sued. The plaintiff then proposed to amend his declaration by inserting, after the word "showeth," the following, "the Eureka Lodge and Leesburg Academy, represented by J. P. Tison, R. B. Armstrong, J. Hill yer, T. H. West and H. L. Long, it appearing that the said persons are the officers of the said lodge, worshipful master and wardens," and also by striking out the word "committee" wherever it appears in the declaration, and insert in lieu thereof the word "defendants." The court refused to allow the proposed amendment, and sustained the demurrer to the plaintiff's declaration; whereupon the plaintiff excepted.

The suit should have been brought against the principals and not against the agents, Code, 3257, 39 *Ga.*, 35. The amendment proposed to substitute two new and distinct parties, (to-wit), the "Eureka Lodge, and Leesburg Academy," as defendants, and was properly refused, Code, 3480. There was no error in sustaining the demurrer to the plaintiff's declaration.

Let the judgment of the court below be affirmed.