ARNETT *vs.* BOARD OF COUNTY COMMISSIONERS.

CASE, FROM DECATUR. Actions. Counties. Constitutional Law. Amendment. (Before Judge Hansell.)

Hall, J.—Where a suit was brought against the board of county commissioners of Decatur county, naming them, alleging that they had injured and damaged the plaintiff, by proceeding. as such commission. ers, to deprive him of a certain bridge and ferry franchise, and appropriating to the public use not only such franchises, but a portion of the lands belonging to him, by entering thereon, and had commenced and continued to lay off a public road on both sides of the river running there, and to erect a bridge over that stream within thirty or forty yards of the site on which plaintiff's bridge stood, and that they were prepared to use the same for the benefit of the public, this was designed as a suit against the county, and the board of commissioners, as agents of the county, were made parties instead of the county itself.

(a) Since the Constitution of 1877, all suits by or against a. county must be in the name of the county. No legislative action was necessary to put this positive requirement of the Constitution into operation, and provision had been made for service where the county was a party. Code, §§5222, 491, 492, 64 Ga., 326.

2. Such a suit having been brought against the board of county commissioners, it could not be amended by making the county a party; nor could it be amended by striking the name of the board of county commissioners and changing the suit into one against the commissioners as individuals. Code, §§3480, 3258 and cit.; 61 Ga., 161; 39 Id., 35.

3. It is unnecessary to decide whether the action against the county is barred because of a failure on the part of the plaintiff to present his claim within twelve months. Code, §597; 71 Ga., 587; 65 Id., 216.

Judgment affirmed.

Lyon & Gresham, for plaintiff in error.

D. A. Russell, by J. H. Lumpkin, for defendant.