15241.  RUFFNER *v.* DUNLOP.

15262.  SOPHIE MAE CANDY CORPORATION *v.* RUFFNER.

STEPHENS, J. 1. A promissory note executed in the name of one by another as his agent, which contains no words binding the agent personally, is not the individual undertaking of the agent, and the agent is not liable on the note, although the consideration for which it was

given inured solely to the agent's benefit. Nor would the agent, as sole beneficiary of the consideration, be liable on the note, although his principal for any reason was not bound; as where the principal is a corporation and the execution of the note was ultra vires. Whatever remedy may exist in behalf of the payee of the note against the agent is not available by a suit upon the note. *Peeples* v. *Perry*, 18 *Ga. App.* 369 (89 S. E. 461); *Gill* v. *Tison*, 61 *Ga.* 161; 1 A. & E. Enc. Law (2d. ed.), 1124, 1128; 31 Cyc. 1615; 2 C. J. 806; 21 R. C. L. 847; Story on Agency (8th ed.), 369; Ogden *v.* Raymond, 22 Conn. 379 (58 Am. D. 429); Long *v.* Colburn, 11 Mass. 97 (6 Am. D. 160); Ballou *v.* Talbot, 16 Mass. 461 (8 Am. D. 146).

2. Where the note was executed by "Sophie Mae Candy Corporation, by William Dunlop, its Treasurer," and did not contain any apt words binding Dunlop, in a suit against him in his individual capacity by the payee of the note a general demurrer to the petition was properly sustained.

3. Where the suit is filed jointly against the agent in his individual capacity and against the principal, the overruling of a demurrer filed by the principal, not being a matter between the plaintiff and the codefendant agent (the parties to the main bill of exceptions), is not a matter for a cross-bill of exceptions tendered by the principal.

4. Where the transcript of the record, accompanying what purports to be a cross-bill of exceptions, filed and brought to this court by the principal who is not a party to the main bill of exceptions, is not sufficient for a determination of the errors complained of therein, without reference to the record accompanying the main bill of exceptions, such cross-bill of exceptions, although certified and filed within the time required by law applicable to a main bill of exceptions, does not meet the requirements of a main bill of exceptions. While, perhaps, this court could supply such deficiency in the record by proper order directed to the clerk of the trial court, a failure so to do and a dismissal of such cross-bill of exceptions can work no real hardship upon the plaintiff in error therein, as the latter's rights involved in the alleged cross-bill of exceptions are already protected and preserved by exceptions pendente lite duly filed.

5. The purported cross-bill of exceptions must therefore be dismissed. *Gilstrap* v. *Leith*, 24 *Ga. App.* 720 (102 S. E. 169).

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 19, 1924.

Complaint; from Fulton superior court—Judge Humphries. November 15, 1923.

*Neufville & Neufville, Frank P. Stockton,* for Ruffner.

*Horace Russell, Watkins & Asbill,* contra.