### 19546. PELOTTE *et al. v.* SIMMONS.

STEPHENS, J. 1. A petition which alleges that named defendants employed the petitioner for a period of nine months at a stipulated salary per month, as principal of a school described as belonging to a named "association" of churches, and that the defendants are trustees of the school and employ and pay the teachers thereof, and are responsible to the teachers for their pay, and which prays judgment against the defendants in a sum as representing the plaintiff's damage from an alleged breach of the contract, is a suit against the defendants individually, and seeks to subject their individual property to the payment of a judgment to be rendered in the suit, and is not a suit against them in their capacity of trustees of the "association," or a suit against the school or the churches, seeking to subject the property of the school or the churches to the payment of a judgment which may be rendered in the suit. Nor is the petition subject to demurrer upon the ground that it fails to allege that the school or the "association" were incorporated bodies or that the defendants held title as trustees to any property belonging to the school or association, or that a certificate of appointment by the defendants as trustees had been filed as provided by law, and that the school and association were not voluntary associations. Nor is the petition subject to demurrer on the ground that it fails to set out a cause of action against the defendants or that not all the persons liable are made parties defendant. The petition is not subject to demurrer on the ground that it does not allege that the contract sued on was in writing. The petition sets out a cause of action and is not subject to the demurrers.

2. Where it is alleged in the petition that the plaintiff was employed by the defendants to serve as principal of a school for a period of nine months, at a salary of $70 per month, and that before the expiration of the term the defendants breached the contract by unlawfully discharging the plaintiff, and that the plaintiff, after the expiration of the term, brings suit to recover in the sum alleged as damage for the breach of the contract, and where the defendants pleaded that in their

capacity as trustees of the school, they contracted with the plaintiff, that by the terms of the contract as negotiated by the defendants the plaintiff was employed as the principal of the school and went to work as such at a salary of $70 per month, including her board and lodging in the dormitory of the school, and was authorized to hire and expel the teachers, to collect from the students money for board and tuition, and to disburse the same for the upkeep of the school, but that the contract as thus negotiated was subject to ratification by the executive board of the school and by the association, and that this fact was known to the plaintiff; that the contract thus made was ratified by the association in all respects with the exception that the association would not agree that the plaintiff handle and disburse the funds of the school, but insisted on appointing another person as manager for the funds, that the plaintiff refused to accede to this condition imposed by the association, and that, therefore, no contract arose authorizing the plaintiff to continue in the service of the school, and that the plaintiff's discharge afterwards by the trustees constituted no breach of the contract, and where, upon the trial of the issue thus made by the pleadings, it appeared, from uncontradicted evidence, that the defendants, who had been sued in their individual capacity only, were trustees for the school and had authority as such to employ a principal for the school only when the contract was ratified by the proper authorities over the school, and that the association had final authority to reject the contract; that, for several years prior to the employment of the plaintiff under the alleged contract sued on, she had served as principal of the school, and that her incumbency in the position under the alleged contract was by way of re-election as principal and a continuation of her former services, and where it appeared, from uncontradicted evidence, that the plaintiff knew that the school belonged to the association and that her salary was paid by the association, that the minutes of the board of trustees showing the re-election of the plaintiff as principal of the school and reciting the terms which the "trustees" were authorized to make with her, which she identified and referred to in her testimony as containing the contract made by her, and where the only testimony which could be relied upon as authorizing an inference that the plaintiff contracted with the defendants in their individual capacity was the testimony of the plaintiff herself, which must be construed most strongly against her, that the contract was that "they," referring to the defendants by name, "made a trade" with her "to teach as principal of the" school, that the "trustees" of the school always employed her, that the "trustees" agreed to pay her for her services, that she looked to the "trustees" for her pay, that the "trustees" paid her, that "these trustees" made a trade with her May 26, 1926, for the principalship of the school for the ensuing year, that "they" agreed to give her a salary of $70 per month and board and lodging in the dormitory, that she "was hired by the trustees board," that they made the contract with her, that her salary came from "the association, which is composed of all these members of churches," that she looked to the "trustees" and they promised her her salary, that the "trustees" hired her and agreed to pay her, that they were the people she was suing in

this case, the evidence demanded the inference that the plaintiff contracted with the trustees in their representative capacity for the school or the "association," and was insufficient to authorize a finding that the defendants contracted with the plaintiff in their individual capacity to employ her as principal of the school.

3. An extrajudicial statement introduced in evidence, to the effect that one of the defendants had stated that the "trustees" of the school were directly responsible to the teachers for their salary, had no probative value as tending to establish an admission by him that the contract with the plaintiff was made with him in his individual capacity, and not in his capacity as a trustee for the school or the association, where the testimony of the plaintiff herself established the contract as one made with the trustees in their capacity of trustees for the school or the association.

4. Although the defendants may have exceeded their authority as agents for the school or the association, in making the contract, they can not be held individually liable to the plaintiff, in a suit against them for a breach of the contract, which under the undisputed evidence, was made by the plaintiff with them in their capacity as agents or trustees for the school or the association. *Ruffner* v. *Dunlop*, 32 *Ga. App.* 693 (124 S. E. 544); *Peeples* v. *Perry*, 18 *Ga. App.* 369, 373 (89 S. E. 461).

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 21, 1930. REHEARING DENIED MARCH 1, 1930.

*Earle Norman, Clement E. Sutton,* for plaintiffs in error.
*B. W. Fortson,* contra.