### 24552. BURNS *v.* PITTSBURG TUBE COMPANY.

MACINTYRE, J. Burns, the defendant (plaintiff in error), was president and active manager of Schofield Iron Works. Schofield Iron Works entered into negotiations with an agent of Pittsburg Tube Company, and signed a contract whereby Pittsburg Tube Company was to furnish them, upon consignment, piping to be sold in their regular course of business, which contract was subject to the approval of Pittsburg Tube Company. Pittsburg Tube Company, by wire, refused to approve the contract, because of lack of proof of good financial standing of Schofield Iron Works. Schofield Iron Works, through its secretary, Carter, wrote as follows: "The writer has discussed this matter with our president, Mr. H. K. Burns, who represents very comfortable means outside of this business; and in the event you can not see your way clear to place this stock on the strength of the company, feel sure that he will personally guarantee payment for all stock sold, in the event it is necessary." Upon receipt of this letter Pittsburg Tube Company wired as follows: "Regarding your letter of the eighteenth, upon receipt of wire from Burns stating his willingness to guarantee Schofield Iron Works' account at any time we may require it, we will execute contract and make shipment of pipe immediately. . . Burns to confirm his wire by letter to-day." In answer thereto Burns wired: "Re tel I personally will guarantee payment of pipe account as per contract when required by you." This telegram on the same date was confirmed by letter of Burns; and Pittsburg Tube Company thereupon actually approved the contract and made shipments of merchandise thereunder: *Held:*

1. Taking the transaction as a whole and construing it in the light of the circumstances, the contract created was one of a present continuing guaranty, and Burns became guarantor for "all stock sold" by Schofield Iron Works from the date of the execution of the contract between Pittsburg Tube Company and Schofield Iron Works. The phrases, "in the event it is necessary" (letter of Carter to Pittsburg Tube Co.), "at any time we may require it" (wire of Pittsburg Tube Co., to Schofield Iron Works), and "when required by you" (telegram of Burns to Pittsburg Tube Co.), had reference merely to the time of payment, that is, the time when Burns would be required to make good the account, and did not modify the promise so as to make it a contract merely to execute a guaranty in the future. A verdict for the plaintiff was demanded, and the court did not err in so directing. See *Smith* v. *Bell,* 30 *Ga.* 919; Bushnell *v.* Church, 15 Conn. 406, 415; 1 Brandt Suretyship and Guaranty (3d. ed.), 432.

2. The assignment of error with reference to the exclusion of evidence of a statement of an agent of plaintiff, who was dead at the time of the

trial, as to his understanding of the meaning of the contract between Pittsburg Tube Company and Burns, which contradicted the terms of the contract, is clearly without merit.

*Judgment affirmed. Broyles, C. J.; and Guerry, J., concur.*

DECIDED SEPTEMBER 16, 1935.

*Hall & Bloch, Smith & Smith,* for plaintiff in error.
*C. C. Stone, Grice & Grice,* contra.