24760. HILL *et al. v.* DANIEL.

DECIDED JANUARY 27, 1936.

*W. E. Mann, W. G. Mann,* for plaintiffs in error.
*Oliver R. Hardin,* contra.

JENKINS, P. J. 1. "A contract of guaranty or suretyship, entered into by an ordinary commercial or industrial corporation, not in furtherance of one of its authorized corporate purposes, is ultra vires." *Houser* v. *Farmers Supply Co.,* 6 *Ga. App.* 102 (64 S. E. 293). A corporation has no legal authority to execute a replevy bond in a laborer's lien foreclosure under the Code of 1933, § 67-2401, brought against the principal on the bond, where such a contract of suretyship is not authorized by the corporate charter and the foreclosure does not concern the rights or business of the corporation. The instant replevy bond in such a proceeding was signed by the secretary of the corporation in the name of the corporation, followed by "L. S." and the words "by J. B. Hill, Sec."

There was no recital in the body of the bond as to a seal. The instrument thus importing no authority from the corporation to the individual signer to execute it in the corporate name. (*Bank of Garfield* v. *Clark*, 138 *Ga.* 798, 801, 76 S. E. 95; *Hasley* v. *Roberts*, 149 *Ga.* 479 (2), 100 S. E. 569; *Brooks* v. *Kiser*, 69 *Ga.* 762); and the charter showing no authority for the corporation to execute the bond as surety, and the individual signer testifying that he had no such authority from the company, a finding was demanded that as to the corporation the bond was illegal and unenforceable.

2. "An instrument signed by one as agent, trustee, guardian, administrator, executor, or the like, *without more,* is the individual undertaking of the maker, such words being generally words of description." (Italics ours.) Code, § 4-401. This statutory rule, first in the Code of 1895, was not altered but is given substantial effect with respect to negotiable instruments by section 20 of the negotiable instrument law, embodied in the Code as § 14-220, providing that "where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." Thus, where he signs in a disclosed representative capacity, no purpose to assume personal liability is to be inferred, for as was held in *Harp* v. *First National Bank,* 173 *Ga.* 768 (3) (161 S. E. 355), "where in the body or on the face of the instrument the agency is distinctly specified and the principal indicated, and the contract is substantially in the name of such principal, the latter, and not the agent, will be regarded as the maker of the instrument." It is therefore the rule in this State, as in most jurisdictions, that an action ex contractu on the instrument itself ordinarily will not lie against the agent individually on a contract made by him in the name of the principal, unless it contains apt words binding the agent personally. *Peeples* v. *Perry*, 18 *Ga. App.* 369, 373-376 (89 S. E. 461); *Ruffner* v. *Dunlop*, 32 *Ga. App.* 693 (124 S. E. 544); 2 C. J. 806-810, and cit. This is true for the reason that, while the instrument is not the contract of the principal, because he did not authorize

or ratify the acts of the alleged agent, neither is it the contract of the alleged agent, because in seeking to bind the principal he used no language binding himself, and therefore the law can not create an undertaking which was not made by the parties themselves. See Haupt *v*. Vint, 68 W. Va. 657 (70 S. E. 702, 34 L. R. A. (N. S.) 518-541, and note). The rule is different in those cases where liability exists under the rule of mere descriptio personæ, in accordance with section 4-401 of the Code, and where the one signing is taken as having obligated himself. The provision of the Code, § 4-409, that "every agent exceeding the scope of his authority is individually liable to the person with whom he deals," embodies only a general rule of agency. Whatever under this statute might constitute the nature of and the remedy for such liability, the section creates no authority, contrary to what is now recognized as the almost universal rule, for an action ex contractu against the agent on the unauthorized instrument itself, save perhaps, for peculiar reasons, in cases of executors, administrators, and guardians. The case of *Luden* v. *Enterprise Co.*, 146 *Ga*. 284 (91 S. E. 102, L. R. A. 1917 C, 485), does not recognize a contrary rule. There, a promissory note, executed in the name of a corporation by one of its officers, was made payable to himself individually, and was indorsed by him in blank individually. On such an indorsement, he as an individual was of course subject to suit. This ruling is made irrespective of what might be the law with respect to an instrument governed by the provisions of the negotiable instruments law, and is made irrespective of what might be the rule in cases where an administrator, executor, or guardian, illegally seeks to bind the estate or interest he represents. See, in this connection, *Walton* v. *Reid*, 148 *Ga*. 176 (96 S. E. 214); *Glisson* v. *Weil*, 117 *Ga*. 842 (45 S. E. 221); *Howard* v. *Cassels*, 105 *Ga*. 412, 415 (31 S. E. 562, 70 Am. St. R. 44); *Wright* v. *Morris*, 50 *Ga. App.* 196 (177 S. E. 365). See also *Printup* v. *Trammel*, 25 *Ga*. 240, 242, and *Lovelace* v. *Smith*, 39 *Ga*. 130, 133, in which the personal liability of executors, administrators, and guardians is distinguished from that of trustees and other agents.

3. In the instant case a judgment was entered against the principal, and a corporate officer individually as surety, on a replevy bond given in a laborer's lien foreclosure, and signed by the officer

with the name of the corporation followed by the word "by" and his own name as secretary. The instrument as thus executed contained no language which as a matter of contract or as a matter of law would bind the corporate officer personally. The evidence was undisputed, not only that the signature of the corporation, even if authorized by the corporation, would have been ultra vires, but that the officer signed without authority from the corporation. Accordingly, under the rules stated above, a verdict being demanded in favor of the corporate officer as an individual, and it being error to charge the jury in effect that he would be personally bound under his signature, it was error to deny his motion for new trial, although other grounds of alleged error are without merit.

*Judgment reversed. Stephens and Sutton, JJ., concur.*