25566. DILLINGHAM *et al. v.* CANTRELL, administratrix, *et al.*

Decided November 25, 1936.

*George T. Daniel, J. C. & H. E. Edwards,* for plaintiffs in error.
*Bynum & Frankum,* contra.

JENKINS, P. J. ■ "Where, in a suit against two codefendants, the verdict and judgment are adverse to the defendants, and one of them makes a motion for a new trial, which is overruled, the movant can except to the judgment overruling his motion, and bring the case to the [appellate] court without making the other defendant a party to the bill of exceptions." *Turner v. Newell,* 129 *Ga.* 89 (58 S. E. 657) ; *Ruffin v. Paris,* 75 *Ga.* 653; *Jordan v. Gaulden,* 73 *Ga.* 191; *Durrence v. Cowart,* 160 *Ga.* 671 (2), 673 (129 S. E. 26). Moreover, although it is the rule that all persons interested in sustaining or reversing the judgment of the trial court must be made parties to the bill of exceptions, in a suit on a promissory note against principals and sureties the principals are not necessary parties to a bill of exceptions, where it does not appear that they are vitally interested in the judgment holding them liable, in so far as the sureties are concerned. See *Pharr v. Eve,* 17 *Ga. App.* 686 (87 S. E. 1098) ; *Augusta Motor Sales Co. v. King,* 33 *Ga. App.* 433 (126 S. E. 866). In the instant case,

since it does not appear that the two principals who received the consideration of the note sued on and were primarily liable, and against whom a judgment was obtained by default, were legally concerned in maintaining the judgment obtained jointly against them and the sureties, and since only the sureties moved for a new trial, the bill of exceptions brought by the sureties from the judgment refusing them a new trial is not subject to dismissal on the ground that the principals were not made parties.

2. A contract of suretyship, guaranty, or accommodation indorsement is not within the legitimate scope of an ordinary partnership business; hence one partner has not the power to bind the partnership or the other partners by any such contract, without their consent. While the partner not originally bound may, in certain events, ratify the unauthorized acts of the other partner, no facts sufficient to supply the necessary elements of a ratification appear in the present case. *Durden* v. *Dekle,* 3 *Ga. App.* 97 (59 S. E. 315); *Hollister* v. *Bluthenthal,* 9 *Ga. App.* 176 (70 S. E. 970); Code, § 75-306. A ratification may be express or implied. However, in order to constitute a valid ratification, either express or implied, by the other partner, he must not only at the time of the ratification have had knowledge of the facts, but some benefit must have been received and retained from the original contract by the partnership or by himself as an individual; or some benefit must have subsequently inured to support the ratification; or else some detriment must have been subsequently suffered by the payee such as would evoke the principle of estoppel in pais. Where one partner, without the knowledge or consent of his partner, illegally indorses in the partnership name the obligation of a third person, the mere fact that detriment might be suffered by the payee at the time of the indorsement would not, as to the latter partner, afford a consideration or operate to evoke against him the principle of estoppel in pais; and in such a case even a subsequent gratuitous approval would not amount to a legal ratification of the original illegal indorsement. See *Sibley* v. *American Exchange National Bank,* 97 *Ga.* 126 (2, 3), 129, 139 (25 S. E. 470); *Exchange National Bank* v. *Georgia Construction Co.,* 87 *Ga.* 651, 656 (13 S. E. 505). The latter rule might be different in the case of an agent acting for his principal in furtherance of the business of the principal, and merely exceeding the authority delegated to him as

agent. There the agent's act, which, although unauthorized, was done in furtherance of the principal's business, might be subsequently ratified without any benefit accruing to the principal either at the time of the unauthorized act or subsequently, provided there was detriment to the opposite party either at the time of the act or subsequently. In such a case the principal merely adopts for himself the act done for him by the agent, who merely exceeded his authority in its performance. But where, as in this case, under the undisputed evidence the indorsement was not intended to further the business of the partnership, but was executed solely for the benefit of others and for a purpose in which the partnership was in no wise concerned, the disputed subsequent gratuitous approval by the partner who did not sign can not be taken as a legal adoption by him of the act done for him or for his partnership; and to render such a ratification binding against him, there must be shown some benefit accruing to him or some detriment sustained by the payee after the indorsement. In the absence of any proof of either of these necessary elements, the mere disputed subsequent statement to the payees of the note by the partner not signing, in reply to their statement to him and his partner that the payees were looking to the partners for the money, "That's what we put our names to the note for, was to pay it if [the others] didn't," did not render the partner not signing legally liable. Therefore, as to him, the verdict in favor of the plaintiffs for the amount of the note sued on was contrary to law, and it was error to refuse to him a new trial.

■ Subject to the exceptions stated, it is the statutory rule that third persons who act with one partner in a matter not legitimately connected with the partnership have no right of action against "any other member." Code, § 75-303. But it is not the partner who acts illegally, but those who neither participate in nor legally ratify the unlawful transaction, whom the statute relieves from liability. See *Ennis* v. *Williams,* 30 *Ga.* 691, 695; *Sargent* v. *Henderson,* 79 *Ga.* 268 (5 S. E. 122). Our statutes specifically provide for judgment binding the individual property of the defendant served, where two or more are sued as copartners but only one is served. Code, §§ 3-301, 39-117. While "at common law, if two were declared against as partners, no recovery could be had against one of them severally," yet in this State, if two or more

defendants are joined, and "it appears on the trial that some of them are not liable, the suit . . may proceed against the other defendants." *Francis* v. *Dickel,* 68 *Ga.* 255 (2), 258; *Wooten* v. *Nall,* 18 *Ga.* 609. In the instant case the defendant partner who arranged the loan, obtained the money from the payees for the principals on the note, and held out to the payees his authority to sign the partnership name as a part of the legitimate partnership business, was estopped from denying his authority or the validity of his indorsement. The plaintiffs were entitled to recover against him, as they did, in this action on the note itself, and were not relegated to an action ex delicto or other remedy based on the theory of an agent exceeding his authority, since he did not sign as an agent, but as one of the principals. His full name, M. C. Dillingham, was included in his signature of the partnership name, "M. C. Dillingham & Owen." In *Hill* v. *Daniel,* 52 *Ga. App.* 427, 429 (183 S. E. 662), *Ruffner* v. *Dunlop,* 32 *Ga. App.* 693 (124 S. E. 544), and *Peeples* v. *Perry,* 18 *Ga. App.* 369, 373-376 (89 S. E. 461), holding or intimating that where an agent acts without or exceeds his authority, and has merely signed the instrument in the name of his principal without apt words to bind himself personally, the proper remedy against the agent is not an action ex contractu on the instrument itself, all of the obligations were executed by the agent in the name of the principal without apt words to bind him personally. In *Hill* v. *Daniel,* also, which involved a replevy bond, the rulings were made expressly "irrespective of what might be the law with respect to an instrument governed by the provisions of the negotiable-instruments law."

The verdict as to the signing partner being fully authorized, and there being no merit in the grounds of the motion for new trial relating to charges of the court to the jury, and the admission in evidence of the note sued on, over the objection that the plaintiffs did not prove what kind of business the partnership was engaged in, the judgment as to that partner as well as to the defendant principals, against whom judgment was rendered by default, must be affirmed.

*Judgment affirmed in part and reversed in part. Stephens, J., concurs. Sutton, J., disqualified.*