### 32220.   Dixie Drive It Yourself System *v.* Lewis.

Gardner, J. Dixie Drive It Yourself System filed this suit for breach of contract for the rental of automobiles. One of the terms of the contract was that the customer would pay for any damage which might occur to the vehicle while rented to the customer. The defendant, J. G. Lewis, signed the contract with the plaintiff, signing it "Hapeville High School, John G. Lewis, Principal." Later, two station wagons were obtained on delivery tickets made out in the name of the Hapeville High School. During the rental, a wreck occurred and damaged one of the station wagons to the alleged extent of $400. The defendant refused to pay this damage. The station wagons were used to transport students in athletic activities. A judge of the Civil Court of Fulton County, passing on the law and facts without a jury, rendered a verdict in favor of the defendant. A motion for new trial was overruled, and error is assigned on this judgment. *Held:*

The only question presented here for decision is whether the contract in question is the individual undertaking of the defendant. It is clear that both parties to the contract knew that the Hapeville High School had no legal entity. It could not sue or be sued. So neither the plaintiff nor the defendant were misled. They were both bound by this knowledge. This is true, even though the Hapeville High School is a unit of the Fulton County school system. Therefore, as a legal entity the Hapeville High School was non-existent. The question before us was discussed at length in *Hagan* v. *Asa G. Candler Inc.*, 189 *Ga.* 250 (5 S. E. 2d, 739, 126 A. L. R. 108). The court in that case said: "One who professes to contract as agent for another, when his purported principal is actually non-existent, may be held personally liable on the contract, unless the other contracting party agrees to look to some other person for performance." In a similar case, *Wells* v. *Fay & Egan Co.*, 143 *Ga.* 732 (85 S. E. 873), the Supreme Court said: "If one contracts as agent, when in fact he has no principal, he will be personally liable." This court, in *Harris* v. *Stribling*, 66 *Ga. App.* 321, 324 (17 S. E. 2d, 766), said: "The note sued on is signed 'Harris-Stribling Sales Company, L.S., by J. D. Stribling, L.S.' It is alleged that at the time of the execution of the note there was no such person, corporation, or other legal entity as 'Harris-Stribling Sales Company,' and that J. D. Stribling is personally

liable on the note. The note, on its face, purports to have been signed by J. D. Stribling. He signed it 'Harris-Stribling Sales Company,' by himself, 'J. D. Stribling.' If 'Harris-Stribling Sales Company' is not a person or corporation or other legal entity, it is a purely fictitious name, and the note being signed by J. D. Stribling as such constitutes his individual obligation." The trial judge in the instant case in his judgment for the defendant cited *Hagan* v. *Asa G. Candler Inc.*, supra; *Hill* v. *Daniels,* 52 *Ga. App.* 427 (183 S. E. 662); *Pelotte* v. *Simmons,* 41 *Ga. App.* 198 (152 S. E. 310). Counsel for the defendant, in addition to the decision to which the trial court calls attention, cites *Harper* v. *First National Bank,* 173 *Ga.* 768 (3) (161 S. E. 355). We have already called attention to *Hagan* v. *Asa G. Candler Inc.* We do not think that the decision sustains the contentions of the defendant. Upon reading the other cases relied on by the defendant, it will be found that in each of those cases there was an existing principal and legal entity. Not so in the instant case. That is the distinction. A non-existent legal entity can have no agent. This principle was ruled very clearly in *Hagan* v. *Asa G. Candler Inc.,* 189 *Ga.* 251 (supra), where the Supreme Court said: "At the time the contract was executed and at the time the suit was filed, no such corporation as Food Shops Inc., was in existence, but this fact was unknown to the plaintiff. By reason of these facts, the contract was one between Asa G. Candler Inc., and H. G. Hagan, individually." In that case H. T. Hagan represented that the Food Shops Inc., was a corporation and that he had a right to sign the contract "Food Shops Inc., by H. G. Hagan." Under those circumstances, this court held that this was an individual undertaking of H. G. Hagan, and on certiorari the Supreme Court affirmed the judgment of the Court of Appeals. In view of the authorities cited and the record in the instant case, the contract was the individual undertaking of the defendant.

The court erred in overruling the motion for a new trial.

*Judgment reversed. MacIntyre, P.J., and Townsend, J., concur.*

DECIDED DECEMBER 4, 1948.

*Newell Jones,* for plaintiff.

*Harris, Henson & Spence,* for defendant.