## 32684. CHILDS et al. v. HAMPTON.

GARDNER, J. (a) This case arose by Childs and Register, a partnership, entering suit on a note against Henry G. Hampton Jr., before a justice of the peace. The summons had attached and as a part of it a copy of the note. The defendant filed a general demurrer to the summons. This demurrer was sustained and the case dismissed. Theretofore the plaintiffs offered an amendment which was termed a "second" count. This amendment was disallowed. Error is assigned in the certiorari on the judgment disallowing this amendment. Upon final hearing on the certiorari, the judge of the superior court overruled and dismissed the certiorari. By a stipulation of the attorneys for the parties, all questions are eliminated except whether the justice of the peace erred in sustaining the demurrer. The stipulations are: "The whole case is to be decided on a few sentences of the note, and with the considerate co-operation of attorney for the defendant in error, this joint statement will save the court much reading. The material parts of the note are as follows: 'Tifton, Georgia. May 6, 1947. On or before the 1st day of October, 1947, we promise to pay to the order of Childs and Register, the sum of one hundred sixty-two and 50/100 dollars, at Tifton, Georgia, for value received. . . (Signed) E. Harold Hampton, by Henry G. Hampton Jr.' The note was of printed form with space left for insertion of facts peculiar to each note, and the pronoun 'we' was inserted with pen and ink at the time of the execution of the note.

"The foregoing excerpts from the note present to the court all the data on the question of whether or not the defendant Henry G. Hampton Jr., became personally liable thereon, or whether he was signing merely for E. Harold Hampton; it being further agreed that the defendant Henry G. Hampton Jr., signed both names.

"The above is agreed to as joint statement of facts according to Rule 20." It will thus be observed that in accordance with this stipulation the only question is whether the defendant is bound on the note which was signed "E. Harold Hampton, by Henry G. Hampton Jr." The plaintiff contends that the note was the individual undertaking of Henry G. Hampton Jr. The defendant contends that Henry G. Hampton Jr., signed as agent for the disclosed principal, E. Harold Hampton, and therefore he was acting for E. Harold Hampton, as agent, and that the defendant is not bound in his individual capacity.

(b) The plaintiff contends that since the pronoun "we" was inserted in the note that both E. Harold Hampton and Henry G. Hampton Jr., the defendant, were severally and individually bound. In support of this contention our notice is called to the Code, § 4-409, as follows: "All agents, by an express undertaking to that effect, may render themselves individually liable. . ." Our attention is also called to Phinizy v. Bush, 129 Ga. 479 (9) (59 S. E. 259): "An agent may expressly contract on his own credit and be bound, even though his principal be known." Our attention is also called to the case of Smith v. Bell, 30 Ga. 919, wherein it was held that the writer of the following note therein bound himself as surety: "If Henry Weaver should purchase any of the negroes of

Langford's estate, I expect to stand his security if he desires it, and will be taken. . . [Signed] Bell." Counsel also calls our attention to the Code, § 4-406, as follows: "Where the agency is known, and the credit is not expressly given to the agent, he shall not be personally responsible upon contract. The question to whom credit is given is a question of fact to be decided by the jury under the circumstances in each case." We have carefully studied the principles of law as set forth in these Code sections and the principles of law dealt with in the decisions cited, and have come to the conclusion that they are not applicable nor controlling under the facts of the instant case. We will now endeavor to demonstrate why they are not.

(c) The Code, § 20-704, subsection 4, provides: "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part." To the same effect see *Spooner* v. *Dykes,* 174 *Ga.* 767 (163 S. E. 889); *Lytle* v. *Scottish American Mortgage Co.,* 122 *Ga.* 458 (50 S. E. 402); *Benson Bros. Co.* v. *Johnson,* 163 *Ga.* 434 (136 S. E. 317). It seems clear to us in construing the contract before us that the intention of the parties was to bind the principal, E. Harold Hampton, and that Henry G. Hampton Jr., signed his name only as the agent of the principal.

The Code, § 102-102, subsection 4, provides: "The singular or plural number shall each include the other, unless expressly excluded." We do not deem it material whether the word "we" was written in the note in question or was in the printed form. We find no authority that would make this distinction material. We find in this connection Code § 4-304, which provides as follows: "The form in which the agent acts is immaterial; if the principal's name is disclosed, and the agent professes to act for him, it will be held to be the act of the principal." We further wish to call attention, in this connection, to *Spiller-Beall Co.* v. *Hirsch,* 18 *Ga. App.* 450 (89 S. E. 587), in which the court said: "A note in form, 'We promise to pay' etc., 'and, whether maker, endorser, or surety, severally agree to pay all costs of collection,' reciting that it is 'given under the hand and seal of each party,' and signed, on one line, 'Spiller-Beall Company, (L.S.)' and directly below, on the next line, 'R. J. Spiller, Pres.,' is the note of the corporation, and is not the joint note of Spiller-Beall Company and R. J. Spiller." It will be noted that that case is identical with the case at bar except the word "President" is added after the name "Spiller" instead of the word "by" before the signature of the agent or officer. Both indicate that the defendant here and the president there were acting for a disclosed principal. See also the case of *Mobley* v. *Childs,* 43 *Ga. App.* 386 (159 S. E. 122), to the same effect. In the case of *Gill* v. *Tison,* 61 *Ga.* 161, the principle is laid down to the effect that where there is a disclosed principal and the agent purports to sign for the principal, and there is nothing to indicate that the agent is to be individually bound, it is the obligation of the principal and not the individual obligation of the agent. The case of *Tiller* v. *Spradley,* 39 *Ga.* 35, is cited in the last above cited case and is in point here. We wish to call attention also in this connection to the provisions of the Code, § 14-220, as follows:

"Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized, but the mere addition of words describing him as an agent, or as filling a representative character, without disclosing his principal, does not exempt him from personal liability." There is nothing in the pleadings here to indicate that the defendant was not authorized to sign for his disclosed principal.

(d) It must be kept in mind that we are not here dealing with a fictitious or non-existent principal. That is another question, and we have fully dealt with that principle in the case of *Dixie Drive It Yourself System* v. *Lewis*, 78 *Ga. App.* 236 (50 S. E. 2d, 843).

The assignments of error are without merit.

*Judgment affirmed.* *MacIntyre, P. J., and Townsend, J., concur.*

DECIDED JANUARY 19, 1950.

*John Henry Poole*, for plaintiffs.
*Seymour S. Owens*, for defendant.