## 34235. WEINSTEIN *v.* ROTHBERG.

DECIDED OCTOBER 21, 1952.

7

*James M. Roberts, Israel Katz,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, Sidney Haskins,* contra.

CARLISLE, J. ■ Under the provisions of Code § 81-1001, as amended by the Act of 1952 (Ga. L. 1952, pp. 243, 245), and the circumstances of this case, the exceptions pendente lite filed in this case, and upon which error is assigned in the bill of exceptions to this court, will not be considered. In each of the rulings upon demurrer to which exceptions pendente lite

were filed the trial court granted the plaintiff leave to amend and the plaintiff in each instance did amend. The Code section referred to above, amended, provides: "Where the court sustains any or all demurrers to pleading, and allows time for the filing of an amendment, such judgment or order shall not be subject to exception or review, but the court shall render a judgment on the sufficiency of the pleadings after the expiration of the time allowed for amendment which shall supersede the judgment allowing time for amendment. Parties shall have the right to amend at any time prior to the rendition of such latter judgment. Nothing herein shall be construed to abridge the right of amendment otherwise existing." The decision here will consist in determining if the petition, *as finally amended,* was of a character to withstand the numerous general and special demurrers last lodged against it.

■ When we reduce the allegations of the petition to their final analysis, we can but conclude that the plaintiff is seeking to recover damages resulting from the defendant's unauthorized assumption of agency in contracting with the plaintiff to procure a purchaser for the corporation's realty. There is no allegation, either general or specific, in the present petition that the defendant was the agent of the corporation. There is no allegation that he exceeded his authority, for an exceeding of authority by an agent presupposes an agency of some character with authority in some degree. Neither is alleged. While, strictly speaking, the facts alleged in the petition do not bring it within the purview of the following provision of Code § 4-409: "Every agent exceeding the scope of his authority shall be individually liable to the person with whom he deals," the liability of an agent who exceeds his authority is frequently the same as that of a person who assumes to act as the agent of a principal, and since our research has failed to reveal any case in this State precisely like this one in which, so far as the petition alleges, the defendant simply *assumed* to act as the agent of the corporate principal, we are relying somewhat, by analogy, upon that line of cases in which an agent has exceeded his authority. In *Peeples* v. *Perry,* 18 *Ga. App.* 369, 373 (89 S. E. 461), this court said: "As to the liability generally of an agent contracting for another without authority, the following concise statements are

supported by abundant authority: 'As to the ground upon which the liability of an agent contracting for another without authority rests, the authorities in the several States differ widely, nor is it easy to reconcile the various decisions in the same State. In some jurisdictions, particularly in the earlier cases, it is held that an action may be maintained against the agent as principal upon the contract itself, although it contains no apt words to bind him personally, but only to bind the principal, upon the theory that the contract must have been intended to bind someone, if not the principal, then the agent. By the great weight of recent authority, however, this theory has been emphatically repudiated, and it is now generally held, more logically, that the agent cannot be held upon the contract unless it contains apt words to bind him personally, in the absence of which the only remedy is by an action for the breach of his implied warranty or an action for deceit if the circumstances warrant the latter remedy.' 31 Cyc. 1614, 1615. 'The cases in which an agent acting without authority has been held personally liable are generally classified as follows: First, where the agent makes a false representation of his authority, with intent to deceive; second, where with knowledge of his want of authority, but without intending any fraud, he assumes to act as though he were fully authorized; and, third, where he undertakes to act, bona fide, believing he has authority, but in fact having none. It may be said generally, as to cases fairly brought within either of the first two classes, there can be no doubt as to the personal liability of the self-constituted agent; while the liability of the agent in cases belonging to the third class has sometimes been doubted, the weight of authority is that they are also liable.' 1 Am. & Eng. Enc. Law, 1124.

"Where one has knowledge of his want of authority and, without intending any wrong or by making false representations as to his authority, executes a contract as the agent of another, he is personally liable to the person with whom he is dealing, and the third party, on learning the facts has the right to repudiate the contract and hold the assumed agent immediately responsible for damages. Where such an agent bona fide believes he has such authority, but in fact has none, and injury results to a third person who has honestly relied on the correct-

ness of his position as agent in making a contract in behalf of his apparent principal, the agent will be personally liable for such injury. 'The principle upon which his liability rests is that he has been guilty of a wrong or omission depriving the party dealing with him of the benefit of the liability of the principal for whom he assumed to contract.' 1 Am. & Eng. Enc. Law, 1125, 1126. 'To give a party a right of action against a professed agent, he must have been ignorant of the want of authority on the part of the latter and have acted upon the faith of the representations, express or implied, that the professed agent had the authority assumed. Hence, if the party complaining is fully cognizant of all facts touching the agent's authority, the latter will not be liable. Where all the facts are known to both parties and the mistake is one of law as to the liability of the principal, the fact that the principal can not be bound is no ground for charging the agent. . .' 1 Am. & Eng. Enc. Law, 1127, 1128."

According to the terms of the contract alleged in the petition, it is clear that the plaintiff may not recover upon the contract iself. The contract alleged evinces no intention of the parties that the defendant was to be bound, nor does the contract alleged contain any apt words binding the defendant. *Hill* v. *Daniel*, 52 *Ga. App.* 427, 428 (183 S. E. 662) ; *Ruffner* v. *Dunlop*, 32 *Ga. App.* 693 (124 S. E. 544). The defendant's purported principal was disclosed, and according to the contract alleged, the principal, Manhattan Coil Corporation, owned the realty to be sold and would pay the commission if a purchaser was secured by the plaintiff.

There is no allegation of fraud or deceit in the petition, nor are there facts alleged from which it could reasonably be inferred that the defendant in making the contract with the plaintiff acted fraudulently or deceitfully. It is clear, therefore, that the plaintiff may not recover under this theory.

The question, then, narrows to whether a cause of action is set forth in the petition for a breach of an implied warranty that the defendant had authority to make the contract with the plaintiff for the corporation, and under this theory we can but conclude that it does. "This whole doctrine [of the liability of a purported agent for the breach of his implied warranty of

authority] proceeds upon a plain principle of justice; for every person so acting for another, by a natural, if not a necessary implication, holds himself out as having competent authority to do the act; and he thereby draws the other party into a reciprocal engagement. If he has no such authority, and acts bona fide, still he does a wrong to the other party; and if that wrong produces injury to the latter, owing to his confidence in the truth of an express or implied assertion of authority by the [purported] agent, it is perfectly just that he who makes such assertion should be personally responsible for the consequences, rather than that the injury should be borne by the other party who has been misled by it." Kroeger v. Pitcairn, 101 Pa. St. 311. The defendant assumed authority to make the contract with the plaintiff. No facts are alleged from which it can be inferred that the defendant's lack of authority was patent, such as would be the case in dealing with a public agent whose authority is established by law. There are no facts alleged from which it may be inferred that the plaintiff had, in fact, knowledge of the defendant's lack of authority at the time of entering into the contract. Under the allegations of the petition the plaintiff, relying on the defendant's assumption of authority, procured a purchaser ready, able, and willing to purchase in terms of the contract. The corporation refused the offer of the plaintiff's purchaser. The defendant did not have authority to contract with the plaintiff on behalf of the corporation, and as a result the plaintiff lost the benefit of having the corporation bound to perform or to pay the commission earned by the plaintiff when he procured the purchaser. The defendant's act in making the contract was in itself an affirmation that he had authority to make the contract, and he certainly can not be heard to say, in order to avoid liability, that those who confided in his affirmation of authority should have been more cautious in dealing with him. Weare v. Gove, 44 N. H. 196; Farmers' Co-Op Trust Co. v. Floyd, 47 Ohio St. 525 (26 N. E. 10).

■ The damages to be recovered against a purported agent for acting without authority must, in general, be compensation for the loss which the other party has naturally and proximately sustained by reason of the lack of authority. In the case of a

contract, the measure will usually be compensation for the loss sustained by not obtaining a then binding contract (Mechem, Outlines of Agency (3d ed.) 229, § 358), and this is the rule which has been followed in all the better reasoned cases. The English courts were early in establishing this rule. In Meek v. Wendt & Co., 21 Q. B. Div. 126, in which an agent acting without authority was held personally liable, it was said: "Now he [the plaintiff] is entitled to all the damages which are the natural and proximate consequence of the false assertion of authority. 'The measure of damages,' says Lord Esher, M. R., in In re National Coffee Palace Co. [24 Ch. D. 371], 'in actions for breach of warranty of authority is always the same in every case. I will not consider what theoretically it ought to be, but I say we must decide it according to the rule which has been followed for a series of years. Spedding v. Nevell [Law. Rep. 4 C. P. 212] and Godwin v. Francis [Law. Rep. 5 C. P. 295] are cases in which the plaintiff was the intended purchaser, and Simons v. Patchett [7 E. & B. 568] was a case in which the plaintiff was the intended vendor, and in all these cases the court laid down that the measure of damages was what the plaintiff actually lost by losing the particular contract which was to have been made by the alleged principal if the defendant had had the authority he professed to have; in other words what the plaintiff would have gained by the contract which the defendant warranted should be made.' " And we take this to be the true rule and the one applicable in this State. Compare *Ruffner v. Dunlop*, supra, *Peeples v. Perry*, supra, and *Pelotte v. Simmons*, 41 *Ga. App.* 198 (152 S. E. 310).

■ What has been said in the foregoing divisions of this opinion effectively disposes of every point made by the various demurrers, both general and special, which were lodged against the petition, and we deem it of no service to the bar to rule in detail on every one of the numerous grounds of demurrer when to do so would involve nothing more than a reiteration of what has already been said.

The trial court did not err in overruling the demurrers, either general or special, for any reason assigned.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*