47277, 47303.   LEWIS et al. v. FLOYD; and vice versa.

DEEN, Judge. 1. A lease for a period longer than one year *must be in writing* and signed by the parties thereto; otherwise, a tenancy at will results. *Code* § 61-102; *Beasley v. Lee,* 155 Ga. 634 (3) (117 SE 743). Where a two-year lease is not signed by the lessor, even though signed by the lessee in possession, it is inoperative as such. *Hayes v. City of Atlanta,* 1 Ga. App. 25 (2) (57 SE 1087); *Alexander v. Rozetta,* 110 Ga. App. 660 (139 SE2d 451).

2. Lewis, the plaintiff owner of record of certain residential property, brought this dispossessory proceeding against Minnie Floyd for nonpayment of rent. It is unquestioned that Lewis had previously sold the land to Floyd, retaining a security deed with power of sale which was exercised by foreclosure following nonpayment of the instalment note. It is also conceded that after title reverted to Lewis he refinanced the property, that Mrs. Floyd remained in it, that she was supposed to take care of the mortgage payments, and that she did not do so. Her contention is that she is not a tenant because of an oral agreement following the foreclosure proceedings that she pay Lewis a certain sum of money, which she paid in cash, and pay the monthly mortgage notes, and that on

repayment of the mortgage Lewis would give her another warranty deed to the property. Lewis contends the agreement was that she should remain in the house as a tenant, paying the mortgage notes as rent, and that she had an option to purchase at a small balance over and beyond the sum of the mortgage payments. These details are in fact contained in a lease signed by Mrs. Floyd but not by Lewis. The lease being void and inoperative for this reason, Mrs. Floyd's signature, while an admission against interest, does not absolutely estop her from contending that no landlord-tenant relation exists between her and Lewis and that she is in fact the equitable owner of the premises under an oral contract to repurchase, accompanied by possession, improvements on the land, and part payment of the purchase price, and that for this reason a dispossessory proceeding cannot lie against her. *Harris v. Underwood,* 208 Ga. 247 (1) (66 SE2d 332); *Sikes v. Sims,* 212 Ga. 391 (2) (93 SE2d 6).

At the close of the evidence, on motion of the plaintiff the trial court directed a verdict against the defendant Floyd, apparently under the view that her signature on the lease bound her as a tenant who could not dispute the landlord's title. However, Floyd moved for a new trial on several grounds and the judge, after further consideration, granted the motion on one ground only, which was that whether or not under the evidence detailed above Mrs. Floyd was a tenant or an equitable owner in possession was a question for the jury.

We agree with his reconsidered opinion that a jury question was presented on this issue. Further, the fact that an interlocutory order had been entered requiring that the disputed amount claimed as rent should be paid into court, and that part of it might be withdrawn to take care of mortgage payments, did not establish as the law of the case that Mrs. Floyd was a tenant. The withdrawal of mortgage payments was by agreement between the parties, and the remainder of the fund was in the nature of a tender of funds which would be owing by

Mrs. Floyd, either as rent or purchase price as the final result of the case might determine.

3. The defendant filed a cross bill of appeals alleging error on the overruling of her motions for directed verdict and judgment notwithstanding the verdict. Under the evidence above set out she is not entitled to this relief.

*Judgments affirmed. Eberhardt, P. J., and Clark, J., concur.*

ARGUED MAY 25, 1972—DECIDED JUNE 16, 1972.

*Jack K. Bohler,* for appellants.
*Robert T. Efurd, Jr.,* for appellee.