## 55674, 55675. DANIEL & DANIEL, INC. v. COSMOPOLITAN COMPANY et al.
### (two cases).

BELL, Chief Judge.

Plaintiff brought these two contract actions to recover for labor and materials furnished to defendant Cosmopolitan's construction projects. Plaintiff had filed its claims of lien against the real property of

Cosmopolitan. These liens were discharged by the filing of a bond in which the defendant Utica Mutual was a joint obligor. During the litigation Cosmopolitan was adjudicated bankrupt and the trustee in bankruptcy was substituted as party defendant for Cosmopolitan. The trial court granted the defendants' motions for summary judgment. The issues in each case are identical. *Held:*

1. In their original answers neither defendant pleaded the defense of waiver. Thereafter defendants served plaintiff with requests for admission of fact and authenticity of documents and accompanying motions for summary judgments. The documents which were the subject of the requests for admission were waivers of lien on the property involved in these suits. The summary judgment motions were based on the ground that defendants were entitled to judgment on the basis of the lien waivers. The plaintiff objected to answering the requests on the ground that the matter of waiver of liens was irrelevant to the suits as the defense of waiver had not been affirmatively pleaded in the defendants' answers as required by CPA § 8 (c) (Code Ann. § 81A-108 (c)) and therefore this defense had been waived. The trial court denied this objection and ordered plaintiff to answer and it complied. The defense of waiver is generally waived if not pleaded. But it can be raised by motion for summary judgment. *Phillips v. State Farm &c. Ins. Co.,* 121 Ga. App. 342 (173 SE2d 723). Moreover, defendants later amended these answers and pleaded waiver prior to the entry of a pre-trial order. A party may amend his pleadings as a matter of course and without leave of court at any time before the entry of a pre-trial order. CPA § 15 (a) (Code Ann. § 81A-115 (a)). The trial court did not err in directing plaintiff to respond to the requests.

2. Plaintiff admitted that it executed waivers of any and all liens on account of labor or materials or both furnished *or which may be furnished* by plaintiff to the defendant Cosmopolitan. Plaintiff, in opposition to defendants' motion for summary judgment based on these lien waivers, submitted two affidavits. The affiants did not dispute the language of the liens, but instead averred that it was the custom of the trade to execute these waivers in return only for the previous month's payment.

Plaintiff, accordingly, asserts that the meaning of the documents was to waive lien rights only for that previous period, and the intent was not to waive future lien rights. The language of these waivers was clear and unambiguous. Therefore they may not be contradicted by parol evidence of custom, surrounding circumstances, or intent as these affidavits attempt to do. Code § 38-501 et seq.; *R. S. Helms, Inc. v. GST Development Co.,* 135 Ga. App. 845 (219 SE2d 458). There exists no issue of fact to be resolved and the trial court correctly granted defendants' motion for summary judgment precluding the recovery on the bonds filed to discharge the liens.

3. Plaintiff has enumerated other procedural errors. We have examined them and all are without merit and require no further consideration.

*Judgments affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED APRIL 10, 1978 — DECIDED JUNE 12, 1978.

*Richardson, Chenggis & Constantinides, Platon P. Constantinides,* for appellant.

*Schwall & Heuett, Donald J. Goodman,* for appellees.