## 57050. TARA APARTMENTS, LTD. et al. v. CITIZENS & SOUTHERN NATIONAL BANK.

BANKE, Judge.

The Citizens & Southern National Bank (hereinafter "C & S") initiated this case by filing suit to recover the proceeds of several promissory notes which one of the defendants, Tara Apartments, Ltd., had allegedly assigned to it as security for an indebtedness. Tara Apartments, Ltd., is a limited partnership, and the notes were executed to Tara by the limited partners as part of their capital investment in the development of the apartments. C & S provided financing for the development. Also joined with Tara as defendants were Georgia Corporation for Housing Partnerships (hereinafter "GCHP") and Janus, Ltd., both of which are general partners of Tara, and Robert Westlake, a representative of GCHP.

The complaint as originally filed alleged two theories of recovery: (1) that the defendants had conspired to convert the proceeds of the notes rather than paying them to C & S and (2) that the defendants were obligated for the proceeds as money had and received. The complaint was later amended to assert an additional claim against Tara on five other promissory notes which Tara had executed directly to C & S. The defendants denied any indebtedness to the plaintiffs and counterclaimed for actual and punitive damages and attorney fees. The counterclaim was based on a charge that C & S had acted wrongfully in procuring the assignment of the notes executed by Tara's limited partners and in procuring the execution of the five Tara notes to C & S.

This appeal is from the trial court's order granting summary judgment to the plaintiff on all three counts of its amended complaint and also granting summary judgment in favor of the plaintiff on the defendant's counterclaim. Despite the language in the order stating that the plaintiff was entitled to recover on all three counts of its complaint, the amount of the judgment was merely for the principal owing on the notes executed by Tara, plus the statutory attorney fees provided for in these notes. The judgment was entered jointly and severally

against all the defendants in the case, including Westlake, who was not one of Tara's general partners. The trial court did not award C & S the proceeds of the limited partners' notes, as it determined that these had been assigned to C & S solely as security for the five notes executed by Tara.

The defendants contend vigorously that one of the two Tara general partners who executed the partnership notes, J. O. Grant, acted without authority from the other general partners and that C & S knew this. *Held:*

As a general principle of law, it is clear that a partner has the power to bind the partnership by his execution of a promissory note on behalf of the partnership. Code § 75-202; *Swygert Bros. v. Bank of Haralson,* 13 Ga. App. 640, 642-643 (79 SE 759) (1913). A general partner in a limited partnership has the same power. See Code Ann. § 75-410. We are cited to nothing in Tara's limited partnership agreement which would limit the power of its general partners to bind the limited partnership in such a manner.

The defendants contend that despite all of this, the bank was on notice that Grant was acting against the wishes of the other parties in executing the five notes. However, we find nothing in the record which substantiates this. Furthermore, Grant was not the only general partner who signed the notes; Jesse W. Bush also did so. In any event, it appears from the deposition of a C & S official that Tara received full consideration for these notes, and there is nothing in the record to controvert this. Thus, we conclude that there is no material issue of fact as to Tara's liability on these notes or, as a consequence, as to the general partners' liability on them.

Westlake's liability on the notes is a different matter. Since he was not a general partner, he was not obligated to pay Tara's debts. C & S' claim against him is based solely on his participation in the alleged conversion of the proceeds of the limited partners' notes. It is clear from the record that Westlake acted solely as an agent for Janus, Ltd., in collecting this money and that Janus, in turn, was acting on behalf of Tara. The money was subsequently paid to C & S' attorney with his knowledge of where it had come from, in the form of a check made out to the

United States Department of Housing & Urban Development. The attorney thereupon gave the money to HUD as a part of a "work-out agreement" between HUD and Tara. At the same time, C & S sold certain of the financially troubled development's notes to HUD. Under these circumstances, C & S must be held to have consented to this application of the limited partners' note payments (see generally *Citizens Bank of Vidalia v. C & S Bank*, 160 Ga. 109 (4a) (127 SE 219) (1925)); and neither Westlake nor the other defendants can be held liable for conversion in collecting these payments. Similarly, there can be no liability for money had and received.

For the foregoing reasons, the order of the trial court is reversed insofar as it grants summary judgment against the defendants on the conversion and money had and received counts. The order is also reversed insofar as it grants summary judgment against Westlake on the Tara notes. However, the judgment is affirmed insofar as it grants summary judgment against the remaining defendants on the Tara notes. The award of summary judgment to C & S on the defendants' counterclaim was also proper, since no damage has been shown from the bank's dealings with the development.

*Judgment affirmed in part and reversed in part. Shulman and Underwood, JJ., concur.*

ARGUED JANUARY 3, 1979 — DECIDED APRIL 9, 1979.

*Albert Sidney Johnson, Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr., G. Lee Garrett, Jr.,* for appellants.

*Alston, Miller & Gaines, Orinda D. Evans, Steven M. Collins,* for appellee.