### 69319. WISSEH v. BANK OF CREDIT & COMMERCE INTERNATIONAL.
#### (325 SE2d 897)

DEEN, Presiding Judge.

Appellant Bartehqua N. Wisseh, a citizen of Liberia, moved to the United States in 1980, settling first in Salisbury, N. C., and subsequently moving to Atlanta. Late in 1982 he began receiving from the Monrovia, Liberia, branch of appellee Bank of Credit and Commerce International (BCCI) telexes and checks representing sizable sums of money. There were ten remittances in all, totaling $370,700. Wisseh deposited each remittance in Salisbury banks and later transferred some of the monies to his bank account in Atlanta. BCCI had no record of an account in Wisseh's name.

Upon discovering these transactions, BCCI brought an action in the Superior Court of Fulton County, alleging in Count I that Wisseh had conspired with a BCCI employee in Monrovia to defraud the bank; and in Count II, demanding an accounting and return of the principal sum plus interest and costs. Wisseh acknowledged receiving the sums of money but denied conspiracy or fraudulent intent and insisted, moreover, that he did not know who had sent him the money or why.

Appellee moved for summary judgment as to Count II, alleging that as a matter of law Wisseh was required to return the $370,700 wrongfully transferred to him. The court granted the motion, ordering that the sums prayed for be paid to appellee. Appellant Wisseh, acting *pro se* on appeal, enumerates error as follows: the superior court lacked jurisdiction of what appellant alleges are federal questions; the court improperly denied his motion for continuance or for dismissal on the ground that appellant at that time was allegedly not represented by counsel; and the court improperly ordered payment to appellee of the full amount prayed for. *Held*:

1. Our scrutiny of the record reveals no error in the proceedings below. No federal questions were presented; appellant secured an attorney, who represented him during the proceedings below; and the trial court, after considering the pleadings, depositions, and other pertinent evidence on file, properly rendered judgment as to the sums plead and proven by appellee. Because there was no genuine issue of material fact as to Count II, appellee met his burden under OCGA § 9-11-56 and was entitled to summary adjudication. *Southern Gen. Ins. Co. v. Gailey*, 168 Ga. App. 102 (308 SE2d 219) (1983). However, since the record before us contains no prayer for attorney fees on the part of the appellee, we must reverse this part of the judgment.

2. Appellee bank has filed with this court, pursuant to OCGA § 5-6-6, a motion for damages of ten percent of the judgment below for filing a frivolous appeal. Because we have found reversible error as to

a part of the judgment (Division 1, supra), we must deny appellee's motion.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 15, 1985.

Bartehqua N. Wisseh, *pro se.*
*William A. Clineburg, Jr., J. Comer Yates*, for appellee.