75633. ALLEN v. SUN CONCRETE COMPANY.
(365 SE2d 506)

BANKE, Presiding Judge.

The appellee, Sun Concrete Company, filed the present action against the appellant, Steve Allen, to recover for certain paving work allegedly performed for him pursuant to an oral contract. Allen denied having dealt with Sun Concrete Company in his individual capacity, contending that he had contracted for the work as an agent for a corporation known as S. Myers & Associates, Inc. Following a nonjury trial, the judge found in favor of Sun Concrete Company. Allen filed this appeal from the denial of his motion for new trial.

Michael Sessions, Sun Concrete's president, testified that Allen had personally made the arrangements for the work and that there

had been no mention of S. Myers & Associates, Inc., until after Allen was billed following the completion of the work. Relying on this court's decision in *Lamas v. Baldwin*, 140 Ga. App. 37 (230 SE2d 13) (1976), Allen contends that although there may have been no express disclosure of the alleged agency, the attendant circumstances surrounding his dealings with Sessions were such that Sessions cannot reasonably claim lack of knowledge that he (Allen) was acting as an agent for a corporation in contracting for the work. *Held*:

In *Lamas*, the plaintiff subcontractor admitted that he had seen a building permit at the construction site which identified a corporation as the general contractor, and it was further established that there had been a large sign at the job site identifying this corporation as the general contractor. Additionally, it was shown that the plaintiff in that case had addressed all of his bills to the corporation and that the partial payments which he had received for the work had been in the form of checks naming the corporation as payee. There were no comparable circumstances in the present case. Although Allen asserts that S. Myers & Associates, Inc., was identified as the owner and developer of the construction project both on a sign which existed at the site and on a subdivision plat specifying where the work was to be performed, the evidence does not in fact reveal whether the corporation's name was on the sign; and the appellee's president testified without dispute that he had not seen the plat prior to the trial. Moreover, the appellee, unlike the plaintiff in *Lamas*, did not bill the corporation for the work but billed the defendant personally. Thus, the *Lamas* decision does not control the present case. Instead, the case is controlled by *Collins v. Brayson Supply Co.*, 157 Ga. App. 438, 439 (278 SE2d 87) (1981), where we held that the issue of whether the attendant circumstances reasonably disclosed the existence of the corporate principal was for the trier of fact. The evidence in the present case, like the evidence in *Collins*, was more than adequate to sustain the trial court's judgment holding the defendant personally liable.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 28, 1988.

*Edwin L. Hoffman*, for appellant.
*Quentin Henderson, Jr.*, for appellee.