## A89A0724. GIGANDET v. LIGHTING GALLERIES, INC.
### (382 SE2d 600)

McMURRAY, Presiding Judge.

This is an action on an open account by plaintiff Lighting Galleries, Inc., against defendant Gigandet Builders, Inc., and defendant Gigandet, a natural person. An "Account Agreement" identifies the corporate defendant as the "Account Debtor," identifies defendant Gigandet as president and sets forth various provisions concerning the account, including the following language: "If the above account debtor is a corporation, the undersigned agree to personally guarantee, jointly and severally, payment of any charges which the corporation fails to pay when due." The account agreement contained two signature lines at the bottom with a space for designating the title of the signing party. The only signature on the account agreement is that of defendant Gigandet and his title is designated as president.

Plaintiff's complaint prays for judgment against both defendants, jointly and severally. Defendant Gigandet's answer denies the essential averments of plaintiff's complaint and denies any liability individually.

Plaintiff moved for summary judgment against defendant Gigandet supported by the affidavit of its president. After defendant Gigandet filed his affidavit in response, the superior court granted plaintiff's motion for summary judgment.

Defendant Gigandet appeals the grant of summary judgment in favor of plaintiff and against him. The primary issue presented on appeal is whether the signature of defendant Gigandet, as an officer of the corporate defendant, also bound him individually. *Held*:

Defendant Gigandet contends that the account agreement is unenforceable because it does not comply with the statute of frauds of OCGA § 13-5-30. This contention rests on the premise that "[t]he account agreement at issue in this case was signed by one 'person,' Gigandet Builders, Inc." Thus, argues defendant Gigandet, there is no writing "signed by the party to be charged."

This argument confuses the concepts of identity and capacity. While defendant Gigandet signed the account agreement in his capacity as president of the corporate defendant, this does not alter the fact that defendant Gigandet is the party who signed the account agreement. Thus, the statute of frauds is satisfied.

Generally, an authorized agent is not personally liable on contracts he signs on behalf of a disclosed principal, but an agent may become a party to a contract which contains terms binding the agent personally. *Pearl Assur. Co. v. Bernath*, 185 Ga. 737 (2) (196 SE 389); *Candler v. Clover Realty Co.*, 125 Ga. App. 278, 280 (187 SE2d 318); *Hill v. Daniel*, 52 Ga. App. 427, 428 (2) (183 SE 662); *Ruffner v. Dunlop*, 32 Ga. App. 693, 694 (2) (124 SE 544); *Peeples v. Perry*, 18

Ga. App. 369, 374 (89 SE 461). In view of the contractual provision set forth above, which personally binds defendant Gigandet, the single signature of defendant Gigandet bound both himself, personally, and his principal, the corporate defendant.

Finally, the affidavit of defendant Gigandet cannot be viewed as creating a genuine issue of material fact as to his intention in signing the account agreement. Defendant Gigandet is precluded by the parol evidence rule from presenting evidence to contradict the unambiguous terms of the account agreement. OCGA § 24-6-1; *Daniel & Daniel, Inc. v. Cosmopolitan Co.*, 146 Ga. App. 200, 202 (2) (245 SE2d 885). The superior court did not err in granting plaintiff's motion for summary judgment against defendant Gigandet.

*Judgment affirmed. Carley, C. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED APRIL 11, 1989 —
REHEARINGS DENIED MAY 11, 1989.

*Surrett, Walker, Creson & Colley, James D. Walker, Jr., Edward J. Coleman III*, for appellant.
*Vincent M. Davison, Jr.*, for appellee.