A90A1308. YOUNG et al. v. FIRST AMERICAN BANK OF
GEORGIA, N.A.
(396 SE2d 73)

McMURRAY, Presiding Judge.

Plaintiff First American Bank of Georgia, N.A. initiated this foreclosure of personal property action against defendants Young and Fowler d/b/a Paces Ferry Medical Group to enforce a past due debt secured by a 1980 Cadillac Fleetwood automobile. Following a nonjury trial, the trial court entered its findings of fact and conclusions of law. The trial court found that while there had been some deviations from the schedule of payments specified under the note, that whenever defendants were late in making payments the plaintiff sent past due notices and demands. The trial court concluded that there was no evidence of consideration or mutuality for the creation of a novation or quasi new agreement. The trial court also found that there was not sufficient evidence that plaintiff's decision to accelerate the loan was racially motivated. After concluding that plaintiff was legally entitled to acceleration and to foreclosure, the trial court ordered that plaintiff's foreclosure petition was granted and that a writ of possession issue. Defendants appeal and plaintiff moves for the award of damages for frivolous appeal pursuant to OCGA § 5-6-6. *Held*:

1. Defendants' two enumerations of error complain of the trial court's refusal to accept or consider certain evidence. Consideration of these enumerations of error requires a review of a transcript of the evidence adduced at trial.

Unfortunately, the record contains no transcript of the evidence adduced at trial and appellants (defendants) have not prepared a

transcript from recollection pursuant to OCGA § 5-6-41 (g) (formerly Code Ann. § 6-805). The burden is on the appellants (defendants) to prepare a copy of the transcript for inclusion in the appellate record. OCGA § 5-6-41 (c) (formerly Code Ann. § 6-805). Accordingly, without a transcript to consider we must presume that the trial court's findings were proper and supported by competent evidence. See *Foster v. Housing Auth. of Columbus*, 146 Ga. App. 12 (245 SE2d 349). The judgment of the trial court must be affirmed.

2. The plaintiff has made a motion for an assessment of damages against defendants for pursuing a frivolous appeal pursuant to OCGA § 5-6-6. Since there is no award of money damages in the case sub judice, an award of damages for frivolous appeal under OCGA § 5-6-6 as sought by plaintiff is not an available remedy. See *Shepherd v. Epps*, 242 Ga. 322, 323 (3) (249 SE2d 33). Consequently, plaintiff's motion is denied.

*Judgment affirmed. Motion to assess damages denied. Carley, C. J., and Sognier, J., concur.*

DECIDED JULY 12, 1990.

*Towery, Thompson, Gulliver & Bunch, Harold S. Gulliver*, for appellants.

*Crowe & Mann, M. Douglas Mann, Wayne C. Crowe*, for appellee.