A93A1097. HUNTER TURNKEY, INC. v. PILOT PROPERTY
COMPANY.
(436 SE2d 84)

JOHNSON, Judge.

Canterbury Trails, Ltd. owned the Kensington Apartments. Pilot Property Company acted as Canterbury's agent in managing the apartment complex. Hunter Turnkey, Inc., pursuant to oral agree-

ments with Pilot, provided various maintenance services at the complex. Hunter was not paid for the services and filed a lawsuit against Pilot seeking payment. Pilot denied acting in its individual capacity, contending that it dealt with Hunter solely in its capacity as Canterbury's agent. The trial judge, sitting without a jury, entered judgment in favor of Pilot. Hunter appeals, arguing that the court's judgment that Pilot is not personally liable is contrary to the evidence.

" 'In order to avoid personal liability an agent is under a duty to disclose the fact of his agency and the identity of his principal, and one who deals with an agent who fails to disclose his principal may at his election recover from either the agent or the principal. The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal.' [Cits.]" *Collins v. Brayson Supply Co.*, 157 Ga. App. 438 (278 SE2d 87) (1981); see also *Wojcik v. Lewis*, 204 Ga. App. 301, 304 (2) (419 SE2d 135) (1992). Here, the uncontradicted evidence shows that Pilot never disclosed to Hunter the fact of its agency or the identity of Canterbury as its principal. There is some evidence from which the court could have found that Hunter, despite the lack of disclosure by Pilot, knew from other circumstances that Pilot merely managed the property and did not own it. Nonetheless, there is absolutely no evidence that Pilot ever disclosed to Hunter the name of Canterbury as the property owner and principal. Because Pilot did not meet its duty of disclosing the name of Canterbury as its principal, Pilot is not relieved from personal liability for the services provided by Hunter. *Allen v. Sun Concrete Co.*, 185 Ga. App. 662, 663 (365 SE2d 506) (1988). The trial court's judgment that Pilot is not personally liable is not supported by any evidence and therefore must be reversed. See generally *Decatur Co. v. Bowen*, 203 Ga. App. 84, 87-88 (1, 2) (416 SE2d 304) (1992).

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 23, 1993.

*Smith, Welch & Studdard, Benjamin W. Studdard III*, for appellant.

*Trauner, Cohen & Thomas, Russell S. Thomas*, for appellee.