A94A2700. REED et al. v. BURNS INTERNATIONAL SECURITY SERVICE, INC.

(449 SE2d 888)

BLACKBURN, Judge.

The appellee, Burns International Security Service, Inc. ("Burns"), brought the instant breach of contract action against the appellant, Russell Reed, individually, and d/b/a Tecali Club Apartments ("the Apartments"), based upon Reed's failure to make timely payment pursuant to a written agreement for Burns to provide security personnel for the Apartments. The agreement was signed by Reed as follows: "Client *Tecali Club Apt*. By *Russell Reed*." In his answer, Reed denied signing the contract in his individual capacity, contending that he endorsed the document in his capacity as an agent of Tecali Club Associates, Ltd., the limited partnership that allegedly owned and operated the Apartments.

The trial judge, sitting without a jury, entered judgment in favor of Burns and against Reed, concluding that Reed failed to disclose the fact of his agency relationship, the identity of his principal, or that his principal was a separate legal entity. This appeal followed.

In four separate enumerations, Reed asserts that the trial court erred in failing to conclude that he was a distinct legal entity from the Apartments, that he was not a party to the contract, that he was acting as an agent for the limited partnership, and that he was not the real party in interest.

"In order to avoid personal liability an agent is under a duty to disclose the fact of his agency and the identity of his principal, and one who deals with an agent who fails to disclose his principal may at his election recover from either the agent or the principal. The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal." (Citations and punctuation omitted.) *Hunter Turnkey v. Pilot Property Co.*, 210 Ga. App. 365 (436 SE2d 84) (1993). See also *Jones v. Burlington Indus.*, 196 Ga. App. 834, 837 (397 SE2d 174) (1990).

In this case, the uncontradicted evidence shows that Reed failed to disclose the fact that he was acting as an agent for Tecali Club Associates, Ltd., and no evidence in the record reflects the name of the limited partnership. In addition, a search of the records main-

tained by the Secretary of State's office shows that Tecali Club Apartments is not registered as a legal entity.

Although Reed relies upon testimonial evidence produced at the proceeding below in support of his enumerations, he failed to prepare a transcript thereof for inclusion in the appellate record. Therefore, "we must presume that the trial court's findings were proper and supported by competent evidence. [Cit.]" *Young v. First American Bank of Ga.*, 196 Ga. App. 348, 349 (396 SE2d 73) (1990). Accordingly, the trial court did not err in its ruling.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 26, 1994.

*Bruce A. Hagen*, for appellants.
*John H. Watson*, for appellee.

