A95A2093. WINBURN et al. v. McGUIRE INVESTMENT GROUP, # 17.

(469 SE2d 477)

ANDREWS, Judge.

Winburn and Friedenberg, defendants below, appeal from the trial court's grant of summary judgment to McGuire Investment Group, # 17 (McGuire) in McGuire's suit for breach of a lease. We affirm.

The lease at issue is over 30 pages in length and was for a unit in a Savannah shopping center. The preamble to the lease states that it is between McGuire and "Ricky S. Friedenberg and James Randal Winburn, III d/b/a 'I Can't Believe It's Yogurt' (Tenant)." Section 1.1, headed "Reference Provisions," states in subpart (j) that the "Notice Address" for the tenant is "Fried-Win Inc., 11613 Abercorn St., Savannah, Ga. 31406." There are two signature lines for the tenant. The names of the two individuals are typed under the signature lines with the typed addition "d/b/a 'I Can't Believe It's Yogurt.'" Friedenberg signed his name, with the addition of "Pres." After Winburn's signature is "VP."

Winburn deposed that Fried-Win, Inc. had been formed around February 1987 and he and Friedenberg were the sole shareholders. The only business of the corporation was running ICBY franchises. There were originally two ICBY franchises in different locations, but

one had been closed due to insufficient business.

1. "The construction of the provisions of this lease, as with other contracts, is generally one for the court to determine as a matter of law. OCGA § 13-2-1." *Peachtree &c. Investors v. Reed Drug Co.*, 251 Ga. 692, 694 (1) (308 SE2d 825) (1983).

" ' "It is the responsibility of the court to determine whether an ambiguity exists. (Cit.) If the contract does not require disentanglement of the language by a jury, i.e., the words used are plain and clear in their common usage, it remains the duty of the trial court to look to the language of the contract with a view to effectuating the intent of the parties." (Cit.)' [Cit.]" *Paces Partnership v. Grant*, 212 Ga. App. 621, 624 (2) (442 SE2d 826) (1994).

Defendants, having been sued for over $8,000 in past due rent, contend that, because the two signatures contain "Pres." and "VP" and the address for notices was listed as "Fried-Win, Inc.," even though the tenants are defined as the individuals, this creates an internal ambiguity requiring the intervention of a jury and allowance of parol evidence as to whether or not this was a corporate or individual debt. This contention is premised solely on *Schroeder v. Hunter Douglas, Inc.*, 172 Ga. App. 897, 901 (9) (324 SE2d 746) (1984), and *Rockwell Intl. Corp. v. Riddick*, 633 FSupp. 276, 279 (2) (N.D. Ga. 1986).

In *Schroeder*, Hunter Douglas, Inc. sued Superior Discount Materials Corporation on an open account for which it contended Schroeder, president of Superior, was liable under a written guaranty to Crown Aluminum Industries (purchased by Hunter Douglas). Superior had been incorporated for the sole purpose of serving as buying agent for Delta Discount Corporation, of which Schroeder was also president. The guaranty was issued to Crown Aluminum by "Vern Schroeder of Delta Discount." The signature line contained his signature without further designation. There, this court held that there was an ambiguity in the guaranty as to whether Schroeder had signed the guarantee in his individual capacity or on behalf of Delta. If on behalf of Delta, there would be one corporation guaranteeing the debts of another, which is not the situation here.

Further, here, a provision of the lease specifically identifies the tenant and landlord. The inclusion of the notice address could not and did not create an ambiguity as a matter of law. *Paces*, supra.

*Rockwell*, supra, is not legally binding on this court but may be considered persuasive. *Head v. State*, 253 Ga. 429, 430 (1) (322 SE2d 228) (1984). That case also involved a guaranty situation in which the document referred to "the undersigned" guarantors and the signature line was of "Sam B. Riddick - President." The guarantee was for the losses of Southeastern Wheels, Inc. of which Riddick was president. After he had left the company, the holder of the guaranty sued him

for losses attributable to Southeastern. In defense, he contended that the guaranties were signed by him in his corporate capacity, not personally. The court found that the "form and content of the guaranties manifest a clear intent to bind defendant personally rather than the company of which defendant was president at the time, Southeastern Wheels. *Of foremost importance is the fact that the indebtedness which was being guaranteed was that of Southeastern Wheels; this alone strongly suggests that defendant signed in his individual capacity since, as another court has observed, '(f)or a corporation to guarantee its own debt would add nothing to its existing obligation and would be meaningless.'* [Cits.]" (Emphasis supplied.) *Rockwell*, supra at 280.

Here, even if the parol evidence were to show that Winburn and Friedenberg had an oral understanding between the two of them that the lease was in the corporation's name, this would result in the situation disapproved of in *Rockwell*, supra.

2. There is a further legal obstacle to the argument made by defendants. Since "tenant" is defined in the lease as two individuals and cannot otherwise be interpreted, even if Winburn and Friedenberg had such an understanding between themselves, their "agency" for the corporation was not disclosed. *Reed v. Burns Intl. Security Svc.*, 215 Ga. App. 60 (449 SE2d 888) (1994); *Hunter Turnkey v. Pilot Property Co.*, 210 Ga. App. 365, 366 (436 SE2d 84) (1993).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 28, 1996 — ▬▬▬▬▬▬

*Lee, Black, Scheer & Hart, Steven E. Scheer, Christopher L. Rouse,* for appellants.

*Hunter, Maclain, Exley & Dunn, J. Reid Williamson III, Robert A. Lewallen, Jr., Robin & Berry, Sherwin P. Robin, Portman & Felser, Barnard M. Portman,* for appellee.