A03A1789. FRIEDRICH et al. v. APAC-GEORGIA, INC.
(595 SE2d 620)

PHIPPS, Judge.

APAC-Georgia, Inc. sued Crawford Tennis Courts, Inc. (CTC), Robert A. Friedrich and John Meacham when they failed to pay for paving materials APAC supplied to CTC. APAC alleged that Friedrich and Meacham had executed a guaranty in which they agreed to be jointly and severally liable for any amounts CTC owed to APAC. In an amendment to the complaint, APAC asserted a fraud claim against all three defendants. A jury found Friedrich and Meacham liable to APAC for the charges incurred by CTC, but assessed no liability against CTC. On appeal, Friedrich and Meacham claim that

---

[29] See id. at 104.
[30] See *Jones*, supra at 904-905 (4).
[31] Id. at 905.

the court erred by entering judgment against them because there is no evidence that they ever executed the guaranty and because they cannot be held liable for CTC's debt when the jury found CTC not liable. We conclude that there is no evidence that Friedrich or Meacham signed the guaranty and reverse.

At trial, Terri Yeager testified on behalf of APAC that the guaranty "appear[ed]" to be executed by Friedrich and Meacham and that, to his knowledge, Friedrich and Meacham were officers of CTC. He stated that the guaranty was on the back of the application for credit filed by CTC and that APAC would not have provided paving materials to CTC if officers of the corporation had refused to sign the guaranty. Yeager admitted that he did not see Friedrich or Meacham sign the guaranty, that he did not know who sent the guaranty to him by facsimile and that he had never seen the original document.

The copy of the guaranty admitted at trial contains the handwritten printed names of Samuel Brown, Jr., listed as president, Bobby Friedrich, listed as CEO, and John Meacham, listed as treasurer. It also contains the signature of a notary, but does not contain a notarial seal. The guaranty is dated the same day as the application for credit, which was executed by Brown, as president of CTC.

Meacham testified at trial and denied signing the guaranty. He also denied that he was the treasurer of CTC and claimed that he was not aware that he had been named as an officer of CTC. Meacham testified that he had never seen the guaranty until this litigation began. He admitted that by virtue of his ownership interest in another corporation, he had some ownership interest in CTC. He also admitted that, based on a document that was not admitted at trial, it appeared that CTC had obtained paving materials from APAC after the guaranty was signed. No other witnesses testified at trial and the only documents admitted were the application for credit and the guaranty.

"[A] jury verdict, after approval by the trial court, and the judgment thereon will not be disturbed on appeal if supported by any evidence, in the absence of any material error of law."[1] We must construe the evidence with every inference and presumption drawn therefrom in favor of upholding the jury's verdict, "and after the verdict is approved by the trial judge, the evidence must be construed so as to uphold the verdict even where there are discrepancies."[2]

1. A promise to pay for the debt of another "must be in writing and signed by the party to be charged therewith or some person law-

---

[1] (Citations omitted.) *Horan v. Pirkle*, 197 Ga. App. 151, 153 (2) (397 SE2d 734) (1990).

[2] (Citations and punctuation omitted.) *Jeff Goolsby Homes Corp. v. Smith*, 168 Ga. App. 218, 219-220 (1) (308 SE2d 564) (1983).

fully authorized by him."[3] Friedrich and Meacham argue that no evidence was presented that either of them signed the guaranty. Even when viewing the evidence in the light most favorable to the verdict and judgment, we agree.

Based on the evidence presented, we cannot infer or presume that Friedrich or Meacham signed the guaranty merely because they had some ownership interest in CTC and their names were written on the signature lines. There is no evidence that they wrote their names on or otherwise "signed" the guaranty.[4] Nor is there any evidence that someone authorized by them did so.[5] Yeager's opinion that the guaranty "appeared" to be executed by Friedrich and Meacham lacks any basis whatsoever, other than the fact that their names appear on the signature lines. Moreover, the notary's purported attestation of the genuineness of the signatures was not valid, if for no other reason, because the guaranty did not contain a notary's seal.[6]

APAC argues that the trial court properly entered judgment against Friedrich and Meacham because the jury's verdict was supported by evidence of fraud. In its fraud claim, APAC alleged that it sustained damages when Friedrich and Meacham submitted an "executed and notarized" guaranty to induce APAC to supply paving materials to CTC and then refused to pay for the materials and denied signing the guaranty. Because there is no evidence that Friedrich or Meacham executed the guaranty or submitted it to APAC, the jury's verdict was not supported by evidence of fraud.[7]

We conclude that the trial court erred by entering judgment on the jury's verdict, as there was no competent evidence to support it.

2. We need not consider Friedrich and Meacham's remaining claim.

3. In its response brief, APAC argues that this appeal was taken merely for delay and requests damages under OCGA § 5-6-6. Given our conclusion that the court's judgment must be reversed, APAC's request is denied.[8]

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

---

[3] OCGA § 13-5-30 (2).

[4] See OCGA § 11-1-201 (39) ("Signed" includes any symbol executed by a party with present intention to authenticate a writing).

[5] See OCGA § 13-5-30 (2).

[6] See OCGA § 45-17-6 (a) (1); *Hurt v. Norwest Mtg.*, 260 Ga. App. 651, 654 (1) (580 SE2d 580) (2003).

[7] See generally *Zampatti v. Tradebank Intl. Franchising Corp.*, 235 Ga. App. 333, 341 (7) (508 SE2d 750) (1998) (elements of fraud).

[8] See *Wisseh v. Bank of Credit & Commerce Intl.*, 173 Ga. App. 286, 287 (2) (325 SE2d 897) (1985).

DECIDED FEBRUARY 23, 2004.

*Cornelison & Ziolo, Rex P. Cornelison III, John A. Ziolo,* for appellants.
*David M. Toolan,* for appellee.