A05A1496. GROTH et al. v. ACE CASH EXPRESS, INC.
(623 SE2d 208)

RUFFIN, Chief Judge.

Paul Groth and Christopher Welton appeal the trial court's grant of summary judgment to Ace Cash Express, Inc. ("Ace") on Ace's claim that they were personally liable to Ace as guarantors of the debts of Empire Financial, LLP ("Empire"). Groth and Welton argue that the

---

[44] See *Smith v. State*, 243 Ga. App. 331, 333-334 (4) (533 SE2d 431) (2000); *Bryant v. State*, 155 Ga. App. 652, 654 (3) (271 SE2d 904) (1980).

trial court instead should have granted their motion for summary judgment because the guaranty Ace seeks to enforce does not satisfy the Statute of Frauds. We agree and reverse.

Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law.[1] We review de novo a trial court's decision on summary judgment.[2] Here, the material facts are not in dispute. In 1996, Ace and William Willis entered into a franchise agreement (the "franchise agreement") whereby Willis would operate an Ace check cashing franchise in Georgia. Willis signed a separate personal guaranty of all obligations under the franchise agreement ("Willis guaranty"), which was attached as Exhibit F to the agreement. Willis subsequently assigned the Ace franchise to Southern Financial Express, Inc. ("Southern"), which he and Deborah Moffett owned as equal partners. This was done with Ace's consent, through a document entitled "Assignment/Assumption Agreement and Consent" ("Southern assignment").

On November 15, 1999, Ace, Southern, and Empire entered into an "Assignment/Assumption Agreement and Consent" in which Southern transferred the Ace franchise agreement to Empire with Ace's consent ("Empire assignment"). Southern is identified as the "Assignor" and Empire as the "Assignee." The Empire assignment provides, in pertinent part:

> 2. *Assumption.* Assignee hereby assumes the obligations and liabilities of Assignor in and under the Franchise Agreement, including to personally guarantee the obligations of the Assignee as set forth in the Franchise Agreement under **Exhibit F — Guaranty** which is attached hereto as Exhibit A.[3]

Elsewhere in the Empire assignment, Groth and Welton are identified as the owners of Empire. The signature lines read:

ASSIGNEE:
Empire Financial, L.L.P.
A Georgia limited liability company
By: [signature]
Name: Paul Groth
Its: Partner
By: [signature]

---

[1] See *Pirkle v. Robson Crossing, LLC*, 272 Ga. App. 259 (612 SE2d 83) (2005).
[2] See id.
[3] (Emphasis in original.)

Name: Christopher C. Welton
Its: Partner

Ace later sued Groth and Welton, seeking to enforce the personal guaranty which Ace contends they assumed through the Empire assignment. Groth and Welton argue, however, that the Empire assignment does not bind them as guarantors. The parties filed cross motions for summary judgment and, after a hearing, the trial court granted summary judgment to Ace on the issue of liability and denied Groth and Welton's motion.

On appeal, Groth and Welton argue that the Empire assignment cannot bind them as a personal guaranty because it does not satisfy the Statute of Frauds, which requires that a promise to pay the debt of another be in writing and signed by the party making the guaranty.[4] Groth and Welton contend that the guaranty language in the Empire assignment cannot bind them as a personal guaranty because they signed the contract on behalf of Empire, not in their individual capacities.

It is undisputed that the Empire assignment is a contract among Southern, Empire, and Ace, and that Groth and Welton signed it on behalf of Empire as its partners.[5] This case is, therefore, distinguishable from those in which the parties dispute whether a guaranty was signed in a person's individual or corporate capacity,[6] or those where a single contract was signed twice, once in an individual and once in a corporate capacity.[7] The relevant question here is whether Groth's and Welton's signatures on behalf of Empire could *also* bind them *individually* to the purported personal guaranty referenced in the Empire assignment.

The trial court relied on *Gigandet v. Lighting Galleries*[8] in finding that Groth's and Welton's signatures bound them personally as well as binding the company. In *Gigandet*, the president of a corporation signed an account agreement in his capacity as president. The agreement specifically stated that " '[i]f the . . . account debtor is a corporation, the undersigned agree to personally guarantee . . .

[4] See OCGA § 13-5-30 (2); *Friedrich v. APAC-Ga.*, 265 Ga. App. 769, 770-771 (1) (595 SE2d 620) (2004).

[5] See OCGA § 14-8-9 (1) (partnership carries on its business through actions of partners); see also *Tara Apts., Ltd. v. C & S Nat. Bank*, 149 Ga. App. 577, 578 (254 SE2d 897) (1979) (partner may bind partnership by execution of contract).

[6] See *Upshaw v. Southern Wholesale Flooring Co.*, 197 Ga. App. 511, 513 (3) (398 SE2d 749) (1990); *Winburn v. McGuire Investment Group, #17*, 220 Ga. App. 384, 385-386 (1) (469 SE2d 477) (1996); *Rockwell Intl. Corp. v. Riddick*, 633 FSupp. 276, 280-281 (C) (N.D. Ga. 1986), aff'd without opinion, 840 F2d 24 (11th Cir. 1988).

[7] See *Carroll v. Stauffer*, 200 Ga. App. 255, 255-256 (407 SE2d 480) (1991).

[8] 191 Ga. App. 536 (382 SE2d 600) (1989) (physical precedent only).

payment of any charges.' "[9] The *Gigandet* court found that, in light of the specific contractual provision subjecting the corporate officer to personal liability, his single signature bound both the officer individually and the corporation.[10]

Initially, we note that *Gigandet* is physical precedent only and thus not binding.[11] Moreover, a single signature generally denotes that the person is signing in either an individual or representative capacity, but not both.[12] And, unlike in *Gigandet*, the assignment contract in this case does not unequivocally state that Groth and Welton are guaranteeing Empire's debt.[13] Under these circumstances, we cannot find that Groth's and Welton's signatures on behalf of Empire also served to bind them individually.[14] Accordingly, the alleged personal guaranty was not signed by the parties making it, as required by the Statute of Frauds.[15] It follows that the trial court erred in granting summary judgment to Ace and in denying Groth and Welton's motion for summary judgment.

*Judgment reversed. Johnson, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 14, 2005.

*Epstein, Becker & Green, Jeffrey P. Lutz, Jeffrey Y. Lewis*, for appellants.
*Paul L. Groth*, pro se.
*Christopher C. Welton*, pro se.
*Kilpatrick Stockton, Stephen E. Hudson*, for appellee.

---

[9] See id.
[10] See id. at 537.
[11] See Court of Appeals Rule 33.
[12] See *Hartkopf v. Heinrich Ad. Berkemann*, 200 Ga. App. 355, 357 (2) (408 SE2d 450) (1991).
[13] See *Associated Svcs. of Accountable Professionals v. Workman*, 265 Ga. App. 348, 351-352 (593 SE2d 882) (2004) (person who signed contract in representative capacity not personally liable when contract made no reference to individual liability).
[14] See id. at 351.
[15] See OCGA § 13-5-30 (2).