## A10A1485. JONES v. THE STATE.
### (699 SE2d 810)

JOHNSON, Judge.

A jury found Deon Angella Jones guilty of several drug offenses, including trafficking in cocaine. Jones appeals from the conviction entered on the verdict and the denial of her motion for new trial, claiming that the trial court erred in preventing her from conducting a re-cross-examination of her co-defendant, Damon Lewis. We find no error and affirm.

In her sole enumeration of error, Jones argues that the trial court should have allowed her to conduct a re-cross-examination of Lewis regarding a post-arrest telephone conversation that he had with her and her sister. According to the brief filed by the state, Jones argued at trial that by mentioning this conversation, Lewis had "opened the door [to] talking about sentencing."

We first note that Jones failed to have a transcript of the trial proceedings included with the appellate record. In the absence of a transcript, or a record prepared from recollection or a stipulation of the case pursuant to OCGA § 5-6-41 (g) or (i), we cannot consider an

---

[14] *Taylor v. Stapp*, 134 Ga. App. 468, 469 (3) (215 SE2d 23) (1975).
[15] *Russaw v. Burden*, 272 Ga. App. 632, 635 (2) (b) (612 SE2d 913) (2005).

enumeration of error concerning the proceedings at trial,[1] but instead we must presume that "the trial was conducted in a regular and proper manner."[2]

Moreover, even if the description of the trial proceedings in Jones' brief is accurate, she still has failed to establish that the trial court abused its discretion in limiting her re-cross-examination of Lewis. "While a defendant is entitled to effective cross-examination, [s]he is not entitled to unfettered cross-examination, and the trial court has broad discretion in limiting its scope."[3]

Here, Jones acknowledges that she was provided the opportunity to cross-examine Lewis, and she alleges only that the trial court limited her ability to conduct a re-cross-examination. While Jones disputes the state's assertion that she questioned Lewis about the telephone conversation at issue during her cross-examination of him, she does not disclose what was stated in that conversation that was relevant to her defense and that would have been the subject of her re-cross-examination of Lewis. Because Jones has the burden of establishing error, the judgment of the trial court must be affirmed.[4]

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED JULY 30, 2010 —
RECONSIDERATION DENIED AUGUST 16, 2010.

*Donna A. Seagraves*, for appellant.
*James B. Smith, District Attorney, Anna G. Bolden, Assistant District Attorney*, for appellee.

---

[1] *Eason v. State*, 249 Ga. App. 738, 739 (1) (549 SE2d 532) (2001).

[2] (Citation omitted.) *Verlangieri v. State*, 273 Ga. App. 585, 591 (1) (d) (615 SE2d 633) (2005).

[3] *Allen v. State*, 275 Ga. 64 (3) (561 SE2d 397) (2002).

[4] See *Young v. First American Bank of Ga.*, 196 Ga. App. 348, 348-349 (1) (396 SE2d 73) (1990).