**THIRD DIVISION**
**DOYLE, P. J.,**
**REESE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 31, 2022**

# In the Court of Appeals of Georgia

A22A0640. MOTLEY et al. v. VALENTINE et al.

DOYLE, Presiding Judge.

Following a bench trial,[1] Rodney Motley, individually and as representative of Word Church of Augusta, Inc. ("the Church," collectively "the Appellants") appeals a final judgment in favor of Robert Valentine and Instrument Service Contractors, Inc., ("the Appellees") for 14 months rent and late fees regarding certain property purportedly leased by the Appellants. The Appellants argue that the trial court erred

---

[1] The trial was held in the Civil Court of Richmond County. This is a court of record in the Augusta judicial circuit and has overlapping jurisdiction with the magistrate court, state court, and superior court. We have jurisdiction to review final judgments of a civil court. See Ga. Laws 1974, p. 2410, § 27; Ga. Laws 1984, p. 4467, § 14. Cf. *Middle Ga. Bank v. Continental Real Estate & Assoc.*, 168 Ga. App. 611, 611-612 (1) (309 SE2d 893) (1983) (holding that the Court of Appeals had jurisdiction over an appeal from the Civil Court of Bibb County pursuant to the Act establishing the civil court).

(1) by entering a final judgment in favor of the Appellees because the lease was void; (2) by holding that Valentine entered into a lease as agent for Instrument Service Contractors under OCGA § 44-7-3 (b); and (3) by entering a judgment against the Church for $42,350. For the reasons that follow, we affirm in part, vacate in part, and remand the case.

"In reviewing a bench trial, we view the evidence in the light most favorable to the trial court's rulings, defer to the trial court's credibility judgments, and will not set aside the trial court's factual findings unless they are clearly erroneous."[2]

The record shows that on May 31, 2019, the Appellants sought to lease certain commercial property from Valentine at which property they planned to hold church services ("Tobacco Road property"). Valentine, however, did not own the property, which was owned by Instrument Service Contractors, a corporation for which Valentine is the registered agent. The parties used a form lease they found on the Internet, which defined on the first page the lessor as Valentine and the lessee as Motley. The signature page contained Motley's and Valentine's signatures. Neither on the first page nor on the signature blocks did either Motley or Valentine indicate

---

[2] (Punctuation omitted.) *SPI Holdco LLC v. Mookerji*, 361 Ga. App. 449, 451 (864 SE2d 633) (2021).

that they were entering into the lease as an agent for or on behalf of a corporation or other entity. Nevertheless, the "Notices" section in which the lease directed where payments and notices were to be sent stated:

Lessor
*ISCON, Inc.*
Robert Valentine
2007 Tobacco Road
Augusta, GA 30906

Lessee
*Word Church of Augusta, Georgia*
Rodney Motley
4117 Lakeside Loop
Hephzibah, GA 30815.

The lease was for five years, beginning on August 1, 2019, and ending July 31, 2024.

In addition to the lease, a promissory note was made in which borrower, "Word Church of Augusta, Georgia (Rodney Motley, Dionne Motley, Joseph Taylor, Elaine Taylor)," promised to pay $25,000 to lender, Valentine, in the event of a default of "the lease agreement between borrower and lender for the" Tobacco Road property. The four individuals listed as borrowers after the Church — Rodney, Dionne, Joseph, and Elaine — signed the note. None of those individuals indicated by their names whether they were signing on behalf of or as an agent of the Church or whether they signed in their individual capacity.

3

Between May 2019 and June 2020, the Appellants paid the agreed upon monthly rent of $2,750 to "ISCON" for the use of the Tobacco Road property. After the Covid-19 pandemic began, however, the Church was unable to hold its usual services, and it abandoned the property by July 2020.

Valentine initially filed suit in his individual capacity against the five individual Appellants (but not the Church) for breach of the lease and promissory note, attaching to the complaint copies of those documents. The Appellants answered, (1) arguing that the case should be dismissed because Valentine was not a true party in interest; (2) arguing that because Valentine did not own the property, the lease was void, and the Church was a tenant at will; and (3) stating a counterclaim seeking return of rent paid during times at which the Church, as a tenant at sufferance, was no longer utilizing the property. To the answer, the Appellants attached a copy of the Church's corporate filing with the State, which showed that Rodney Motley was the "authorized person" and Chief Executive Officer for the Church, Dionne was the Secretary, and Elaine was the Chief Financial Officer. The service address for the Church was the same as that listed in the lease's notice section.

After an initial hearing before the trial court that was not transcribed, the court entered a consent order adding Instrument Service Contractors as a party plaintiff in

4

the action and the Church as a party defendant. Thereafter, Instrument Service Contractors and Valentine filed an amended complaint. A bench trial was held at which Valentine testified that he was authorized to sign documents and enter into contracts on behalf of Instrument Service Contractors and that Instrument Service Contractors did business as "ISCON." In its order, the trial court found that the Church's corporate status was not "clearly established" at trial, found that Motley and the Church had breached the lease, and awarded Valentine and Instrument Service Contractors $42,000 from both Motley and the Church for 14 months rent and late fees. This appeal followed.

1. The Appellants argue that the trial court erred by denying their motion to dismiss and granting a judgment against Motley and the Church because Valentine did not own the property, and the lease was not signed by the owner, Instrument Service Contractors, which voided the lease, making Motley and the Church tenants at will.

"A lease for a period longer than one year must be in writing and signed by the parties thereto; otherwise, a tenancy at will results."[3]

---

[3] (Emphasis omitted.) *Lewis v. Floyd*, 126 Ga. App. 520 (1) (191 SE2d 291) (1972).

The construction of the provisions of [a] lease, as with other contracts, is generally one for the court to determine as a matter of law. It is the responsibility of the court to determine whether an ambiguity exists. If the contract does not require disentanglement of the language by a [factfinder], i.e., the words used are plain and clear in their common usage, it remains the duty of the trial court to look to the language of the contract with a view to effectuating the intent of the parties.[4]

"[A] single signature generally denotes that the person is signing in either an individual or representative capacity, but not both."[5] Moreover, this Court has held that the appearance of a different party name in the notice portion of a lease does not create an ambiguity as to the identity of the lessor or lessee otherwise defined in the lease.[6] In this case, the five-year lease specifies that Valentine is the lessor,[7] but he did not state that he was signing the lease on behalf of Instrument Service Contractors — the owner of the property. The Appellants contend this renders the lease void

---

[4] (Citations and punctuation omitted.) *Winburn v. McGuire Investment Group # 17*, 220 Ga. App. 384, 385 (1) (469 SE2d 477) (1996). See also OCGA § 13-2-1.

[5] *Groth v. Ace Cash Express, Inc.*, 276 Ga. App. 350, 353 (623 SE2d 208) (2005).

[6] See *Winburn*, 220 Ga. App. at 385 (1) ("The inclusion of the notice address could not and did not create an ambiguity [as to the lessee or lessor] as a matter of law.").

[7] See *Groth*, 276 Ga. App. at 353.

because the owner did not sign the lease,[8] but "[i]t is not essential to the relationship of landlord and tenant that the landlord be the owner of the premises. That relationship may be established where one not the owner of premises leases them to another, and the latter is in possession under the contract as a tenant."[9] Thus, neither the failure of Valentine to denote in the lease that the owner of the property was Instrument Service Contractors nor his failure to include in writing that he was the authorized agent of Instrument Service Contractors result in the lease being void as a matter of law in this instance. Accordingly, the trial court was authorized to find that the lease was effective against Motley, and he had breached by vacating the premises prior to the end of the lease term.

2. Motley also argues that the trial court erred by holding that Valentine entered into a lease as agent for Instrument Service Contractors under OCGA § 44-7-3 (b).

OCGA § 44-7-3 states that

[a]t or before the commencement of a tenancy, the landlord or an agent or other person authorized to enter into a rental agreement on behalf of

---

[8] See *Lewis*, 126 Ga. App. at 520-522 (2) (holding that a purported lease was void as a matter of law because only the purported tenant's signature and no purported owner or landlord's signature appeared on the written lease; a fact question existed, however, as to the status of the purported tenant based on parol evidence).

[9] *Pugh v. Middlebrooks*, 47 Ga. App. 528 (171 SE 160) (1933).

the landlord shall disclose to the tenant in writing the names and addresses of the following persons: (1) The owner of record of the premises or a person authorized to act for and on behalf of the owner for the purposes of serving of process and receiving and receipting for demands and notice[.]

OCGA § 44-7-3 (b) explains that a person who enters into a lease under subsection (a) and fails to disclose the necessary information to the lessee becomes an agent of the owner. While we agree with the Appellants that the lease was required to be in writing, and we agree that OCGA § 44-7-3 does not affect that requirement, based on our holding in Division 1, this argument presents no basis for reversal of the trial court.

3. Finally, the Church argues that the trial court erred by granting a judgment against it. We agree. Pretermitting whether Motley's single signature on the lease was even sufficient to bind both himself individually as well as the Church for the lease payments,[10] the trial court found in its order that the existence of the Church as a corporate entity was not established at trial.[11] Such a finding is logically inconsistent

---

[10] See *Groth*, 276 Ga. App. at 353 ("[A] single signature generally denotes that the person is signing in either an individual or representative capacity, but not both.").

[11] See, e.g., *Milk v. Total Pay & Total HR Solutions*, 280 Ga. App. 449, 451-453 (634 SE2d 208) (2006) ("The law of corporations is founded on the legal

with its later holding that the Church was liable for the judgment. Accordingly, we vacate the final order as to the entry of judgment against the Church, affirm the order as to Motley in his individual capacity, and remand for entry of an order consistent with this opinion.[12]

*Judgment affirmed in part, vacated in part, and case remanded. Reese, J., and Senior Appellate Judge Herbert E. Phipps concur.*

principle that each corporation is a separate entity, distinct and apart from its stockholders.").

[12] We note that the trial court did not determine whether any of the parties were liable under the promissory note, and the amount owed under the note does not appear to be equivalent to the amount owed under the lease. Because liability under the note was not raised by the Appellees in a cross-appeal, however, we do not reach the issue here. See, e.g., *Somerville v. White*, 337 Ga. App. 414, 415 n.2 (787 SE2d 350) (2016).